## TAYLOR v. ANGEL.

[No. 20,334. Filed May 19, 1904.]

CONTRACTS.—*Signature.—Parol Evidence Admissible to Show that Contract was that of Another Person.—*Where it is manifest from the provisions of a written instrument that affixed words were not intended to be merely descriptive of the person, but of a representative capacity, and the name of the person or principal for whom the subscriber purports to act appears, parol evidence is admissible to show the real nature of the transaction. *pp. 673, 674.*

HUSBAND AND WIFE.—*Execution of Note by Husband as Agent of Wife.— Complaint.—*Plaintiff and defendant and defendant's husband entered into an agreement by the terms of which a certain business should be conducted in the name of plaintiff and defendant, managed by defendant's husband, the plaintiff to have no interest in the business, but to receive the sum of $25 annually for the use of his name as a member of the firm. Defendant became indebted to plaintiff, and defendant's husband, as agent for the so-called firm, executed a note for the balance due, payable to plaintiff's attorney. *Held,* that a complaint on the note alleging the foregoing facts stated a cause of action. *pp. 674, 675.*

From Superior Court of Vanderburgh County; *John H. Foster*, Judge.

Action by Robert E. L. Angel against Anna S. Taylor and another. From a judgment in favor of plaintiff, defendant Anna S. Taylor appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*W. W. Ireland* and *William Reister,* for appellant.
*Samuel Crumbaker, A. W. Funkhouser, F. M. Hostetter* and *A. F. Funkhouser,* for appellee.

HADLEY, J.—Appellant, a married woman, whose husband is Andrew J. Taylor, wishing to engage in business on her own account, but desiring, for advertising effect, to secure the use of appellee's name as a business associate, on July 20, 1899, entered into a written agreement with appellee and her said husband to the effect following: It was agreed by and between the subscribers that a firm be formed of Anna S. Taylor and Robert E. L. Angel, to carry on in Evansville a business in grain, feed, and produce. The said Robert E. L. Angel shall receive $25 per annum to be paid by Anna S. Taylor to the said Angel for the use and association of his name. The said Anna S. Taylor shall receive as her share two thirds of the net profits of the business, and "it is further agreed that Andrew J. Taylor shall be and he is hereby authorized and appointed the general agent of the firm, and is to receive for his compensation as such agent, one-third of the net profits earned and produced by this association. [Signed.] Anna S. Taylor, Robert L. Angel, A. J. Taylor." The concern did business in the name of Taylor & Angel. Angel was employed by it much of his time on a daily or weekly wage, but had no interest in the profits or losses of the business. As one witness expressed it, Anna S. Taylor was the firm, Andrew J. Taylor was the general agent and manager, and appellee Angel the laborer. Andrew J. Taylor was the active manager of the business, bought and sold the goods, executed receipts, checks, notes, and other writings obligatory, with the full knowledge and

approval of his wife, in the name and style of Taylor & Angel. In February, 1902, appellee Angel claimed that a sum of money was due him from the so-called firm of Taylor & Angel for an unpaid balance of said annual sum of $25, and for wages, and on account of other business relations, and on February 15, 1902, through his attorney, Charles S. Heiman, demanded of Andrew J. Taylor, manager and general agent, a settlement of said claim. A settlement was entered upon which resulted in the execution of the following instrument: "Evansville, Ind., Feb. 15, 1902. I, A. J. Taylor, agent for the firm of Taylor & Angel, composed of A. S. Taylor and R. E. L. Angel, agree to pay to Charles S. Heiman, attorney, $200 as settlement in full for all claims against said firm of Taylor & Angel in favor of R. E. L. Angel, said payment to be made to said Charles S. Heiman at his office in Evansville, Ind., on or before 3 o'clock p. m., Monday, February 17, 1902. A. J. Taylor, agent."

Appellee brought this action to enforce said promise to pay, making both Anna S. Taylor and Andrew J. Taylor, defendants. The complaint affirms the trading relations of the parties under the agreement of July 20, 1899, as above stated; that the plaintiff had, in fact, no interest or connection with the business, except as a laborer; that he contributed nothing to the capital, and received no part of the profits, nor was he liable for any part of the losses, and that Anna S. Taylor and Andrew J. Taylor are the only persons who ever had any interest in the business; that Andrew J. had full management and control of the business for his wife; that the instrument sued on was executed to Heiman as the attorney of the plaintiff, and for the plaintiff's use, and solely for a balance found due the plaintiff from Anna S. Taylor, in a full compromise and settlement of their accounts growing out of said business, and was executed by Anna S. Taylor through her husband, and fully authorized agent, Andrew J. Taylor;

that the instrument was intended by Andrew J. Taylor, and was accepted by the plaintiff, as the obligation of Anna S. Taylor, and not otherwise, and the same remains unpaid. The demurrer of Andrew J. Taylor to the complaint was sustained, and that of Anna S. Taylor was overruled. The latter answered, the general denial, no consideration, and set-off. Trial by the court, finding for the plaintiff for $200, and for the defendant Anna S. Taylor on her set-off for $81.95, and judgment for the plaintiff against Anna S. for the difference—$118.05. She alone appeals.

The action of the court upon the demurrer to the complaint and in overruling appellant's motion for a new trial are challenged by the assignment.

Appellant insists that there are three faults in the complaint: (1) That the obligation sued on is the promise of Andrew J. Taylor and not that of Anna S. Taylor; (2) the payee being Charles S. Heiman, who is not shown to have assigned to the plaintiff, the latter has no right to maintain the action; (3) the obligation being that of a partnership or firm, a judgment against one of the partners is erroneous.

The real question may be said to be, is the obligation sued on the individual promise of Anna S. Taylor? This is an exceptional case. There are no rights of creditors involved, and the general rules pertaining to agency and partnerships affecting third persons are not applicable. But three persons can be affected by the contract in suit, however construed, and these three were fully informed, and active participants in the common agreement out of which it sprang. It must therefore be enforced as the parties intended to and did make it.

Since the decision of *Second Nat. Bank* v. *Midland Steel Co.,* 155 Ind. 581, it can no longer be said that in all cases extrinsic evidence is inadmissible to show that a contract executed by one who affixes descriptive words to his name

is not the contract of the person signing it, but that of another person. In the case cited the decisions of this State have been collected, compared, and classified. The distinction there made seems to be that a contract executed by one agent or as an officer, and the writing itself, fails to disclose the principal or obligor, the instrument will be conclusively held to be the obligation of the subscriber, or treated as void for want of a reasonable maker. But when it is manifest from the body and tenor of the writing that affixed words were not intended to be merely descriptive of the person, but of a representative capacity, and the person or principal for whom the subscriber purports to act appears, parol evidence is admissible to show the real nature of the transaction. The following language from note to *Greenberg* v. *Whitcomb Lumber Co.,* 48 Am. St. 911, at page 919, is cited approvingly: "There is a growing inclination to consider an instrument as it would manifestly be understood by the average business man, or, in other words, as it was most probably understood by the party receiving and the party signing it, and to exonerate the latter from liability, when, according to such construction, it appears to the court that he did not intend, and was not understood, to bind himself, but to act for the corporation of which he was the authorized agent." This case is clearly within the latter class.

With respect to the sufficiency of the complaint to state a cause of action against Anna S. Taylor individually, it is shown by the averments that at the time of the execution of the promise sued on it was fully known to both obligor and obligee that Anna S. Taylor was, as between the parties, the only responsible member of said alleged firm, and that Angel's name as a business associate was fictitious, and that her husband, Andrew J. Taylor, was fully empowered to represent and act for her in all matters pertaining to the business.

Stripped of its false appearance, under the averments of the complaint, the transaction was simply a settlement of accounts between Anna S. Taylor, employer, acting by her husband and duly authorized agent, and Robert E. L. Angel, as employe, though held out as a partner, and when the amount was arrived at, and promise executed, it was perfectly understood by all the parties that it was the obligation of appellant, given for a debt due from her personally to appellee. The use of the fictitious firm name in describing the debt and the principal debtor deceived neither party, and, without any doubt, the instrument in suit was executed and accepted as the individual promise of appellant. The complaint, therefore, under the doctrine announced in *Second Nat. Bank* v. *Midland Steel Co.,* 155 Ind. 581, sufficiently stated a cause of action against appellant.

2. The allegations of the complaint are full to the effect that Charles S. Heiman, who is named as payee in the instrument, acted in the settlement for appellee as his attorney at law, and that said obligation, with appellant's knowledge, was executed to Heiman for the use of appellee, in the discharge of his claim, and that Heiman never had any beneficial interest therein. We think this was sufficient.

3. What has been said concerning the first point disposes of the third objection to the complaint.

The only reason for a new trial presented is that the finding is not sustained by sufficient evidence. We have examined the evidence, and find that there is no material averment of the complaint unsupported by substantive evidence. We have no power to weigh it in a case of this class.

Judgment affirmed.