[No. 8332.  Department One.  November 6, 1909.]

E. M. GORDON, *Respondent*, v. FREDERICK S. BRINTON *et al.*, *Appellants*.[1]

PRINCIPAL AND AGENT—CONTRACTS—LIABILITY OF AGENT TO THIRD PERSON. Whether agents are personally bound by their contract to sell and guarantee any article depends upon the mutual intent of the parties.

SAME—EVIDENCE—SUFFICIENCY. Sellers of an electric motor, who were agents of a motor company, are personally bound upon their contract, and cannot set up agency as a defense, where they signed as principals, there was nothing to disclose that they contracted as agents, or that the company was interested in or had authorized

[1]Reported in 104 Pac. 832.

the contract, and the parties acted upon the special warranty which called for the seller's approval of the installation; especially where they pleaded no agency, but set up a counterclaim for the balance due.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 19, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Vince H. Faben* and *S. H. Kelleran,* for appellants.

*Byers & Byers,* for respondent.

CHADWICK, J.—This action is brought to recover for the breach of a contract evidenced by the following memorandum:

"Mr. E. M. Gordon,
  "Seattle, Wash.
  "Dear Sir: We acknowledge herewith receipt of ninety-seven dollars and fifty cents ($97.50) being 25 per cent. payment on two Roberts motors which we agree to deliver to you for the sum of three hundred and ninety dollars ($390) f. o. b. Seattle. The complete outfit will consist of the following:
  "One model P Roberts motor with two cylinders rated at 15-18 H. P. with 5-A equipment as described in catalogue and one ejector muffler.
  "One model H 1½-2 H. P. with single cylinder 3-2½-inch with complete equipment 4-A as described in Roberts Motor Company catalogue.
  "Terms of payment are to be 25 per cent with order and the balance payable by sight draft with the bill of lading.
  "We agree to take the motors back and refund you the price in full if the engines do not prove to be all that the catalogue describes them to be, and if when they are properly installed to our approval they do not give complete satisfaction in regard to ease in starting, lack of vibration and reliability.      Yours very truly,      Lee & Brinton."

Plaintiff paid the sum of $97.50 and upon delivery of the model P motor, he paid the additional sum of $245. The model H motor was never received by him, nor has he paid

any part of the balance of $47.50 due on the contract. The larger motor was installed in a launch belonging to plaintiff, by parties suggested by defendants. They also took considerable interest in the motor after it had been installed. After several trials, at which plaintiff was present, the motor did not work to his satisfaction. He notified defendants that he rejected the motor, and brought this action to recover the purchase price. After a trial before the court without a jury, judgment was rendered in favor of the plaintiff, and defendants have appealed.

The principal defense interposed, or rather argued in appellants' brief, is that respondent contracted with them as agents merely, well knowing that they had no interest in the contract; and that his cause of action, if any, is against the Roberts Motor Company, and not against them. In addition to this general defense, it is urged that the boat was too heavy for the engines, that the motor did, in fact, run so as to meet the terms of the contract, that it was not installed in a proper way, that its failure to run and give satisfaction was due to salt water in the cylinders resulting from improper installation, and that its installation was not in any event to be approved by them. They further set up the balance of the purchase price as an affirmative defense, and asked judgment therefor.

It is urged by appellants that one who deals with an agent, known and acting as such for a disclosed principal, must sue the principal, in the absence of an open pledge of the agent's credit. Without discussing the authorities cited, it may be admitted that this is a general rule of law, accepted and applied in all proper cases. The text controlling this case is well stated in *Whitney v. Wyman*, 101 U. S. 392, 25 L. Ed. 1050:

"As the meaning of the law-maker is the law, so the meaning of the contracting parties is the agreement. . . . If the contract be unsealed and the meaning clear, it matters not how it is phrased, nor how it is signed, whether by the agent for the principal or with the name of the principal by

the agent or otherwise. The intent developed is alone material, and when that is ascertained it is conclusive. Where the principal is disclosed, and the agent is known to be acting as such, the latter cannot be made personally liable unless he agreed to be so."

The intent in such contracts is not a unilateral or reserved intent. It must be mutual, or there must be some fact or circumstance sufficient to create notice of the agency. We have read the testimony with strict purpose to find anything that would indicate an intent on the part of either of the parties to act other than as principals in this case. If, in fact, appellants have dealt with reference to a particular subject-matter as principals, making a promise on their own account, and respondent relied upon their promise and not upon the alleged principal, they are bound in law. The contract is clearly an agreement to receive the motor back if it refuses to work in the particulars enumerated. There is nothing disclosed to indicate that appellants were not selling it on their own account. Certainly respondent is not put upon notice of an agency under a contract that breathes ownership in the parties who engage to deliver a motor and to guarantee it.

"At this day the law must be considered as settled, that a vendor or purchaser dealing in his own name, without disclosing the name of his principal, is personally bound by his contract; and it makes no difference that he is known to the other party to be an auctioneer, or broker, who is usually employed in selling property as the agent for others. Even where he discloses the name of his principal, if he signs a written contract in his own name merely, which contract does not upon its face show that he was acting as the agent of another, or in an official capacity in behalf of the government, he will be personally bound thereby." *Mills v. Hunt,* 20 Wend. 431.

See, also, *Simonds v. Heard,* 23 Pick. 120, 34 Am. Dec. 41; 1 Am. & Eng. Ency. Law, p. 1121.

No testimony was offered to show that the motor company was a party to the contract, or had in any manner author-

ized the special warranty upon which respondent relied. In fact, we take it from their correspondence, introduced as an exhibit by appellants, that they were acting independently of any agreement respondent may have had with Lee & Brinton. The binding character of the contract seems conclusive upon its face, and especially so when the parties have acted the contract as drawn. Appellants recommended proper persons to install the motor, and when it was done, undertook to successfully demonstrate its efficiency. They explain their conduct by saying that they were only interested in seeing the motor work, and felt under no duty as to its installation. But they are bound by their acts. It may be noted that appellants do not plead an agency, but set up an affirmative demand for the balance of the contract price. This alone is sufficient to bind them to the contract as it is written.

Appellants rely with much assurance upon the case of *Tripple v. Littlefield*, 46 Wash. 156, 89 Pac. 493. In that case the rule we have here announced was recognized, but the court found from the facts that the agents had not openly pledged themselves and that the plaintiff not only had notice of the agency, but dealt with defendants as agents and not as principals. In this case, while respondent says on crossexamination that he supposed appellants were agents, yet nevertheless he says he made his contract with them and not with the company, a conclusion which we find to be borne out by the evidence considered as a whole. The legal liability of appellants being established, the other propositions advanced depend on the weight of the evidence, which we find to be sufficient to warrant the findings and conclusions of the court. Judgment affirmed.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.