## GEORGE ET AL. *v.* SMITH.

[No. 23,886. Filed December 21, 1920. Rehearing denied May 20, 1921.]

EVIDENCE.—*Parol Evidence That Party Signing as Principal was Agent.—Admissibility.*—Where defendants signed a written instrument evidencing the sale of an automobile to plaintiff as principals, and there was nothing in the writing, which was complete and free from ambiguity, to indicate that they were acting as agents in the transaction, parol evidence is inadmissible in their behalf, in an action for breach of warranty of title, to show that they made the sale as agents and not as principals.

From Marion Superior Court (25,651); *V. G. Clifford,* Special Judge.

Action by Cecil H. Smith against Charles A. George and Arthur Sears, partners, doing business as the Sears Auto Repair Shop. From a judgment for plaintiff, the defendants appeal. (Transferred from the Appellate Court under §1394, cl. 2, Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*Joseph Collier* and *Watson & Esarey,* for appellants.

*Charles S. Baker, Frank N. Richman, Walter L. Neible* and *James P. Baker,* for appellee.

TOWNSEND, J.—Appellee brought action against appellants in damages for breach of warranty of title, based on the following written instrument:

> "This is to certify that Cecil H. Smith, party of the first part has this day bought of Sears Auto Repair Shop, party of the second part, One Buick Roadster No. 106924 for sum of $700.00 Seven Hundred Dollars Ck. in hand.
>
> Dated at Indianapolis, Ind., this 23d day of February, 1915.     Sears Auto Repair Shop,
>
> Witness             By Arthur Sears.
>
> W. E. Winton."

Appellants answered by general denial, and a second paragraph of answer, which alleged that they were conducting a garage, and that the automobile in question belonged to one Howard Jackson, who stored the car with them as agents to sell it; that appellee knew that they were agents and that they were not selling the car for themselves but for their principal, Jackson. They further alleged that they were to hold the $700 until Jackson produced a written bill of sale for the car, and alleged that Jackson did produce a bill of sale, whereupon they surrendered the $700 to him.

The trial court sustained a demurrer to the second paragraph of answer. The evidence indicated by this paragraph of answer was also excluded.

It is appellants' contention that they should be permitted to introduce evidence on the subject of warranty of title implied in the instrument above set out, and that therefore the paragraph of special answer is good, appellants' exact point being that they have a right to show that they were acting as agents for Jackson in executing the foregoing instrument.

It will be observed that the instrument is signed "Sears Auto Repair Shop, Arthur Sears." Had this contract been signed "Sears Auto Repair Shop, Arthur Sears, Agents for Jackson," counsel for appellants could then avail themselves of the rule they are here invoking. But as the case now stands, they are met at the outset with the proposition that they signed the contract in question as principals, and not as agents.

"Parol evidence can never be admitted for the purpose of exonerating an agent who has entered into a written contract in which he appears as principal, even though he should propose to show, if allowed, that he disclosed his agency and mentioned the name of his principal at the time the contract was executed." *Nash* v. *Towne* (1866), 5 Wall. 689, 18 U. S. (L. Ed.) 527; *Hastings* v. *Lovering* (1824), 2 Pick. (Mass.) 214, 13 Am. Dec. 420; *Bulwinkle* v. *Cramer* (1887), 27 S. C. 376, 3 S. E. 776, 13 Am. St. 645; *Cream City Glass Co.* v. *Friedlander* (1893), 84 Wis. 53, 54 N. W. 28, 36 Am. St. 895, 21 L. R. A. 135; *Gordon* v. *Brinton* (1909), 55 Wash. 568, 104 Pac. 382, 133 Am. St. 1038; *Argersinger* v. *MacNaughton* (1889), 114 N. Y. 535, 21 N. E. 1022, 11 Am. St. 687.

In *Second Nat. Bank* v. *Midland Steel Co.* (1900), 155 Ind. 581, 58 N. E. 833, 52 L. R. A. 307, the cases in this state are collected and the rule deduced that one executing a contract as agent *descriptio personae,* binds himself, unless something in the body or tenor of the

instrument shows who his principal is. *Taylor* v. *Angel* (1904), 162 Ind. 670, 674, 71 N. E. 49.

There is nothing in the writing in the instant case to indicate agency. It is complete and not ambiguous. To permit the parol evidence proposed would make the instrument valueless except as a receipt for $700.

The only case cited by appellants which sustains their contention is *Miller* v. *Van Tassel* (1864), 24 Cal. 459. If the California case is based on principles of law not affected by the code, it is against the overwhelming weight of authority.

The court did not err in sustaining a demurrer to the special answer, nor in excluding the evidence.

The judgment is affirmed.