WERTH, Respondent, v. DAVIDSON, et al, Appellants.

(239 N. W. 751.)

(File No. 7009.   Opinion filed December 19, 1931.)

*Case & Case,* of Watertown, for Appellants.
*Loucks & Wohlheter,* of Watertown, for Respondent.

ROBERTS, J.   Plaintiff purchased a truck for $350, paid thereon $100, received credit for the sum of $70, representing the agreed exchange value of an automobile owned by the plaintiff and transferred to the seller, and agreed to pay the balance in monthly installments.   Plaintiff claims, in substance, that he made an agreement with the appellants, who are copartners doing business under the firm name of Davison Oldsmobile Company, through their agent, for the purchase of the truck; that the negotiations were had with one Walter Conway, who had been in the employment of the appellants for more than a year as a salesman; that it was the intention of the plaintiff to use the truck for the hauling of live stock, and that such purpose was expressly made known to Walter Conway; that there was an implied warranty on the part of the appellants that the truck was reasonably fit for the purpose mentioned; that the defect which prevented the truck from being in the condition represented and suitable for the purpose mentioned was such a defect as could not have been discovered by the plaintiff; that the plaintiff did not in fact attempt to make any detailed examination of the truck prior to its delivery, but relied upon the implied warranty of appellants' agent.   Plaintiff asserts that he had a right to rescind, and had in fact rescinded, the contract for breach of warranty.   He obtained judgment for $170 and interest.   From such judgment and order overruling motion for new trial defendants S. J. Davidson and D. L. Davidson appeal.

Appellants deny that they made any such contract with the plaintiff.   They contend that the truck sold to the plaintiff was the property of the defendant Emil Anderson, and that Walter

Conway was the agent of Anderson in making the sale. It appears from the evidence that, in the first conversation between the plaintiff and Conway leading up to the sale, plaintiff was informed that the truck would be at the garage of the appellants in a few days. After the truck was brought from Bryant, where defendant Anderson was engaged in the business of selling automobiles, it was shown to the plaintiff at the garage of the appellants, and the terms of sale were agreed upon. A check for $50 was prepared by Conway and signed by plaintiff, payable to the Davidson Oldsmobile Company. Conway agreed that certain repairs upon the truck would be made before delivery, and these were made at the garage of the appellants. When the truck was ready for delivery, a second check for $50 was given by the plaintiff, payable to the Davidson Oldsmobile Company, and a sales contract was prepared by appellant S. J. Davidson. This contract was signed by the plaintiff and also bears the signature: "Emil Anderson Auto Company, by Davidson Oldsmobile Company, by S. J. Davidson, Partner." The plaintiff testified that he did not receive a copy of the contract, and it is the claim of plaintiff that an attempt was made after the rescission of the sale to change the contract from one made by the appellants themselves to one made by them as agents of Anderson; that the writing indicates that the words, "Emil Anderson Auto Company by," preceding the firm name of appellants, was inserted after the execution of the contract. In explanation, appellant S. J. Davidson, on cross-examination, testified: "Evreything that is written in there was written in right at the time this paper was signed. It is so, with the exception of the insertion of my signature below, that I think that my signature was put on later. It was the same transaction and at the same time he was in there, but I wrote the first part of the signature of the Emil Anderson Auto Company and then I changed pens, and I had a different pen and that is written in with a fountain pen, see. The name Emil Anderson was written first. I think we signed before Rudolph Werth signed."

It is the contention of the appellants that Emil Anderson was indebted to them, and that the amount of the two checks was credited on the Anderson account; that they in fact prepared the contract merely as an accommodation for Anderson and in the absence of Conway.

Plaintiff testified that he had no knowledge and was not informed of the fact before signing the contract that the truck belonged to Emil Anderson. He testified: "After the truck stopped I came up to the Davidson Oldsmobile Company. The first time I saw Mr. Anderson in connection with the deal was about four days later. That was the first I saw of Mr. Anderson. They said not that it belonged to Mr. Anderson. Nobody told me that it was his." Walter Conway, a witness for the appellants, testified that in his first conversation with plaintiff he told Rudolph Werth that there was a truck at Bryant, owned by Mr. Anderson, for sale. On cross-examination, however, he testified: "The fourth talk was after I came from my trip. It was only a day or two after I got back. I know Mr. Anderson told me when I got back about the deal, and Mr. Anderson and I went down to talk about it. Mr. Davidson had not told me that Mr. Werth had brought the truck back and demanded his money back. He told me something, so Mr. Anderson and I went back to talk to Rudolph (plaintiff). Right away Mr. Davidson told me that Werth had been in. We went right down, Mr. Anderson and I went down together. That is the first time Mr. Anderson had been with me when I talked with Rudolph. That was the first time I ever told Mr. Werth about Mr. Anderson."

At the close of the evidence, appellants made a motion for directed verdict, for the reason that the undisputed evidence indicated that the appellants "had nothing whatever to do with the sale of the truck, had no financial interest in the sale, received none of the proceeds, and did not act for the owner." Appellants made a motion for new trial on the ground of error in not directing a verdict, and also on the ground that the evidence is insufficient to sustain the verdict.

There is no evidence in the record that the appellants informed the plaintiff that the truck belonged to Anderson or that the appellants were merely acting for the accommodation of defendant Anderson in preparing the contract and securing the signature of the plaintiff thereto. They did not inform the plaintiff that the two checks for the sum of $50 each were not received by them as payment upon the truck, but in fact were received for Anderson and credited upon his account. Appellants stress the fact that a written contract was entered into and signed by the appellants

acting as the agent of Emil Anderson Auto Company. It was for the jury to determine whether or not there had been an insertion of the name, "Emil Anderson Auto Company," after the execution of the instrument, from all the evidence, including that offered by the appearance of the writing. It is true that the plaintiff did not testify that such firm name did not appear as a part of the signature, at the time of the execution of the contract. Plaintiff, however, testified that he had recently come from Germany and could not read or write the English language.

■ The contention of appellants that they incurred no liability for the reason that they merely prepared the sales contract as an accommodation for defendant Emil Anderson or the Emil Anderson Auto Company cannot be sustained. If the contract was originally signed by the appellants as principals, and this was a jury question, no reason appears why the appellants should not be held to have assumed the responsibility of principals toward the plaintiff who had no knowledge or information as to the interest of Anderson in the truck. In 21 R. C. L. 896, the rule is thus concisely stated: "Where no principal is disclosed either in the contract or its signature, and there is no evidence of the agency, the agent signing is personally liable. If the agent contracts in his own name he cannot escape liability on the plea that he acted only as agent of another." See, also, Cockran v. Rice, 26 S. D. 393, 128 N. W. 583, Ann. Cas. 1913B, 570; Amans v. Campbell, 70 Minn. 493, 73 N. W. 506, 68 Am. St. Rep. 547; Gordon v. Brinton, 55 Wash. 568, 104 P. 832, 133 Am. St. Rep. 1038.

■ If the identity of their principal were undisclosed, the appellants were liable, as if principals, in all matters arising out of the purchase of the truck. Under such circumstances, a warranty to consummate a sale would become their obligation. A purchaser, unaware of the existence of an agency, has a right to rely upon the responsibility of the persons with whom he deals. If the rule were otherwise, an agent failing to disclose his principal, and to the purchaser unknown, in many instances the effect would be to deny to the purchaser the benefit of a responsible source of relief for a breach of warranty.

The representations upon which the implied warranty was predicated were made known by the purchaser to Conway, and there is no evidence that the appellants had any knowledge thereof.

Upon the issue of their relationship with Conway, the appellants requested the following instructions, which were given by the trial court:

"Before you can find a verdict for the plaintiff you must find that Walter Conway was the actual or ostensible agent of one or more of said defendants. Agency is either actual or ostensible and must be proven to your satisfaction, and before you can find for the plaintiff you must find that either actual of ostensible agency did exist in fact in behalf of one or more of the defendants, then as to such defendant or defendants only for whom such agency existed can you find a verdict, if in fact you find in favor of the plaintiff."

"Agency is actual when the agent is really employed by the principal. Agency is ostensible when the principal intentionally or by want of ordinary care causes a third person to believe another to be his agent who is not really employed by him."

Unless Conway had the authority, actual or ostensible, to enter into the contract for the appellants under the instruction of the court, which became the law of the case, there could be no recovery. So far as the question of actual authority in Conway to represent the appellants in the making of the contract is concerned, an authority admittedly not expressed, but claimed to be implied from the surrounding circumstances, we need not consider. An examination of the evidence leads to the conclusion that the question as to the existence of an ostensible agency in Conway to represent appellants, or, as otherwise expressed, an agency by estoppel, was one of fact for the jury, and we are of the view that the evidence was sufficient to sustain the verdict on this phase.

The appellants objected to the giving of instructions requested by the plaintiff on the ground that the proposed instructions did not properly state the law, and the overruling of the objection and the giving of the instructions are assigned as error. Such an exception, wherein the attention of the court is not directed to any specific defect, is insufficient. Wood et al. v. Dodge, 23 S. D. 95, 120 N. W. 774; Comeau v. Hurley, 24 S. D. 255, 123 N. W. 714; Davis v. C. & J. Michel Brewing Co., 31 S. D. 284, 140 N. W. 694.

The judgment and order appealed from are affirmed.

POLLEY, P. J., and CAMPBELL, WARREN, and RUDOLPH, JJ., concur.