GROMMES, Respondent, v. ANDERSON, et al, Appellants.

(297 N. W. 687.)

(File No. 8398. Opinion filed April 29, 1941.)

**George W. Kunkle,** of Yankton, for Appellants.

**J. Leonard Feldman** and **Lee H. Cope,** both of Yankton, and **Kames & Feldott,** of Aurora, Ill., for Respondent.

RUDOLPH, J.    ■    The plaintiff purchased certain hogs from the defendants, which hogs plaintiff alleges were warranted by defendants as long term treated against cholera. The defendants denied that they warranted the hogs as alleged, but the trial court found in favor of the plaintiff and without reviewing the evidence upon this point, we are satisfied that the evidence was amply sufficient to find that these hogs were warranted as claimed by the plaintiff. This present action was brought to recover damages for breach of warranty. The case was tried to the court without a jury and the court made findings of fact and conclusions at law in favor of plaintiff. Defendants have appealed.

■    In addition to contending that the hogs were not warranted, as claimed by plaintiff, defendants further contend that, even conceding such warranty, plaintiff has failed to prove that the hogs purchased were not long term treated against cholera. In support of this contention appellants rely principally upon the case of Co-operative Sales Company v. Van Der Beek, 219 Iowa 974, 259 N.W. 586. In that case it was disclosed that the purchaser of hogs through a sales agency was advised who had raised the hogs and with this knowledge proved only the fact that the hogs died of cholera. The person who raised the hogs was not called as a witness; this was the person who knew whether the hogs had been vaccinated, and this evidence was available to the purchaser. The Iowa court held under these circumstances that proof only that the hogs died of cholera was insufficient to establish that the hogs had not been doubly vaccinated. The facts in this case go much further than the facts in the Iowa case. In this case plaintiff's evidence establishes that the hogs which he purchased from defendants were represented by defendants as coming from

two certain farms in the vicinity of Yankton. This evidence further establishes that this representation was false, that the hogs did not come from these two certain farms, and were not the hogs the defendants had represented them to be. The evidence further discloses that the certificates of vaccination that were given plaintiff by defendants were furnished by veterinarians to cover the hogs of certain owners without any knowledge by the veterinarians that the plaintiff was not receiving the hogs which the certificates purported to cover. So in this case, in addition to the fact that these hogs which plaintiff purchased died from cholera within a very few days after they were received by him, we have the further facts as established by plaintiff's evidence that these hogs were represented by defendants as coming from two certain farms when in fact they did not come from such farms, and the certificates of the veterinarians which defendants furnished did not in fact cover the hogs which defendants had sold to the plaintiff. We are of the opinion that proof of these facts by plaintiff established a prima facie case, which means simply that evidence sufficient to justify, but not to compel an inference of liability, has been produced. Wigmore on Evidence, Third Edition, § 2494. We find nothing in the evidence to compel a finding by the trial court adverse to any of the facts which plaintiff proved, and it follows that the trial court was justified in drawing the inference that the hogs were not as warranted by defendants.

■■ Appellants further contend that defendants were acting as agents for one Frick in the sale of these hogs, and as such were not liable to plaintiff. This was a private sale. The trial court found that, if an agency existed, it was undisclosed, and not known to plaintiff. This finding has support in the evidence, and places responsibility upon defendants. 2 Am. Jur., Agency, § 404, 3 C.J.S., Agency, § 216.

No question of the measure or amount of plaintiff's damages is presented by the assignments of error. We have considered the assigned errors not herein discussed and find them without merit.

The judgment appealed from is affirmed.

All the Judges concur.