COOPER, Respondent v. HILEMAN, Appellant

(222 N.W. 2d 299)

(File No. 11334. Opinion filed October 16, 1974)

**Alan F. Glover,** Brookings, for defendant and appellant.

**Clyde R. Calhoon,** Brookings, for plaintiff and respondent.

WINANS, Justice.

In January 1970 the Respondent, James Cooper (plaintiff below), was requested to come to the business known as Horatio's in the City of Brookings, South Dakota, to discuss plumbing work which was to be done in the building housing that business. Respondent began discussing the project with Jensen, the then manager of the establishment. Appellant, Hileman, was not present when Respondent arrived, but came shortly afterwards. The three men reviewed the proposed work and Appellant told Respondent that he would contact him if he wanted the plumbing done. Respondent was subsequently called by Appellant and told to proceed with the work. Upon its completion bills were mailed to the business establishment with both the business name, Horatio's, and Appellant Larry Hileman's, appearing on the statements.

These facts give rise to the basic issue whether Hileman is personally liable on the contract for plumbing services which he purportedly made on behalf of his corporate principal, Sypo, Inc.

This Court must determine whether the facts support the conclusion reached by the trial court that the agency relationship between Appellant Hileman and Sypo, Inc. was an undisclosed one. In other words, are the findings of fact supported by the evidence or are they clearly erroneous?

■ In making this determination we are mindful that it is incumbent upon this Court to be duly aware of the opportunity of the trial court to judge at first hand the credibility of the witnesses. See SDCL 15-6-52(a). As stated by this Court:

> "In applying the clearly erroneous standard we must bear in mind that our function is not to decide factual issues de novo. The question for the appellate court is not whether it would have made the same findings the trial court did, but whether on the entire evidence it is left with a definite and firm conviction that a mistake has been committed." In re Estate of Hobelsberger, 1970, 85 S.D. 282, 289, 181 N.W.2d 455, 459.

Having examined the record in light of these basic principles we conclude that the facts clearly indicate that Appellant Hileman never made any statement nor took any action to indicate that he was not the owner of Horatio's, but was instead acting as an agent of Sypo, Inc. Respondent was justifiably led to assume that Appellant was the proprietor because he gave the orders and authorized Respondent to proceed.

■ It is entirely reasonable to assume that the individual in charge is the owner, especially where, as in this case, Respondent had done prior work for Appellant in his other business and his home. Nothing was said to indicate that this work was to be on a different basis from that already done.

The prior employment of Respondent by Appellant, acting as an individual and not as an agent, is supportive and not dispositive of our ruling. Absence of such employment would not affect the outcome of this appeal because the record presents other factual indicia of an undisclosed agency.

Passages in the record bear out that Hileman allowed Respondent to believe he was the owner of Horatio's. The following exchange at trial occurred between Respondent and his attorney:

"Q When you were discussing this project Mr. Hileman did not tell you that you would be working for a corporation, did he?

A I didn't have any indication that there was a corporation involved at all, definitely not.

Q Larry just asked you to do the work?

A That is right."

On cross-examination of Respondent the following was stated:

"Q Did Larry lead you to believe that (he owned the business)?

A When you have to wait for a person to give you an O.K. to do a two, three, or four hundred dollar job, we didn't get the go ahead the day I was there because we had to wait for a phone call from Larry . . . in order to have the go ahead to go ahead with this type of job."

A reasonable person would be led to believe, as Respondent was, that one who appears to be in charge and gives the order to proceed is the owner.

Finally, during the same cross-examination, Appellant's attorney asked Cooper whether Hileman could have been employed by the owner of Horatio's. Cooper replied:

"When you get into something like that you wonder how far you are going down the line. Now you have got a manager, and you have got someone giving the manager instructions—how many businesses in town have to go down the line three times."

■ This response succinctly states better than this Court could why Cooper's belief that Hileman owned Horatio's was a logical one. It is therefore our holding that the findings of fact, rather than being clearly erroneous, are amply supported by the evidence.

■ We now face the issue of whether Hileman, acting as an undisclosed agent of Sypo, Inc., is personally liable on the contract made with Cooper.

Nebraska, Iowa and South Dakota are in agreement in holding an undisclosed agent personally liable. The Supreme Court of Nebraska has held that:

> "An agent who fails to disclose the fact of his agen-cy and represents himself as principal inducing another to deal with him as such is liable and may be treated as principal for all purposes * * *." David A. Baxter and Sons v. Sofio, 1968, 182 Neb. 599, 156 N.W.2d 141, 142.

Quoting 3 Am.Jur.2d § 317, the Iowa Supreme Court places the duty of disclosure squarely on the agent. It is not incumbent upon the contracting party to investigate the agent to determine whether he acts for himself or another.

> "If the agent would avoid personal liability, the duty is on him to disclose his principal; it is not upon the party with whom the agent deals to discover the principal."

Explaining the basic fairness of this holding the court goes on to state:

> "There is no hardship in this rule of liability against agents who do not disclose their principals; they always have it in their power to relieve themselves from such liability, and when they do not, it must be presumed that they intend to be liable." Alsco Iowa, Inc. v. Jack-son, 1962, 254 Iowa 837, 842, 118 N.W.2d 565, 568.

To the same effect is the South Dakota case of Werth v. Davidson, 1931, 59 S.D. 300, 239 N.W. 751, where the court stated:

"If the identity of their principal was undisclosed, the appellants were liable, as if principals, in all matters arising out of the purchase of the truck. Under such circumstances, a warranty to consummate a sale would become their obligation. *A purchaser, unaware of the existence of an agency, has a right to rely upon the responsibility of the persons with whom he deals. If the rule were otherwise, an agent failing to disclose his principal, and to the purchaser unknown, in many instances the effect would be to deny to the purchaser the benefit of a responsible source of relief  *   *   *."* (emphasis supplied) 239 N.W. at 753.

Although the *Werth* Court speaks of the liability of an undisclosed agent who sells to a third party, its holding is clearly applicable to an agent who buys services from one who is unaware of the agency, as in the instant case. See also Grommes v. Anderson, 1941, 67 S.D. 650, 297 N.W. 687.

█ Thus liability will be imposed on an agent who fails to disclose either the fact of his agency or the identity of his principal. Werth v. Davidson, supra; Alsco Iowa Inc. v. Jackson, supra; Dodge v. Blood, 299 Mich. 364, 300 N.W. 121. Both must be made known before the agent is absolved of liability. In the case at bar, however, Appellant fails to meet either criterion necessary for his discharge.

█ Further, to protect himself from personal liability, one who acts for another in making a contract must disclose his principal to the third party *before* the contract is executed. Myers-Leiber Sign Co. v. Weirich, 1966, 2 Ariz.App. 534, 410 P.2d 491; 3 Am.Jur.2d Agency, § 317.

The agent in the instant case performed none of the duties required to relieve him of liability. Appellant neither disclosed the fact of his agency nor the identity of his principal. Instead, he permitted Respondent to believe that he was his employer; and by this inaction he has subjected himself to all liabilities created by the contract as if he were the principal.

To protect himself from the imposition of this liability Appellant directs this Court's attention to SDCL 59-5-2, Agent's responsibility as principal, and relies thereon in his defense. This statute states that, "[o]ne who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency" in three specific instances. We conclude that SDCL 59-5-2 pertains only to those agents who disclose both agency and principal. That is, to those who assume to act as agents. Appellant, as already stated, has failed in both respects and thus does not fall within the ambit of this statute.

The rationale underpinning the rule of agent liability is clear. When an agent contracts in his own name, although in reality for a principal, it is upon the agent's credit, solvency and reputation that the contracting party relies. It is the agent's decision to have him so rely and he must be prepared to accept the consequences.

Affirmed.

All the Justices concur.