THE COLLEGIAN, Respondent v. HILEMAN, Appellant

(226 N.W. 2d 163)

(File No. 11333. Opinion filed February 21, 1975)

Alan F. Glover, Brookings, for defendant and appellant.

T. F. Martin, McCann, Martin & Mickelson, P. C., Brookings, for plaintiff and respondent.

COLER, Justice.

This is an action commenced in the District County Court for the recovery of the sum due for advertising of a business known as "Horatio's", a beer tavern in Brookings, South Dakota, in the student newspaper owned by the South Dakota State University Student Association. The defendant's amended answer admitted that demand for payment had been made of him but was otherwise in the form of a general denial.

The action was tried to the court without a jury. The amount of the debt having been the subject of a stipulation and the bookkeeping records, a ledger account, having been admitted without objection, the sole issue was whether the defendant, Larry Hileman, was personally liable for the debt.

The defendant's Proposed Findings of Fact and Conclusions of Law setting forth defendant's version of fact and law were rejected and those of the plaintiff were accepted. The appeal is from the Findings of Fact, Conclusions of Law and the Judgment, based upon the sufficiency of evidence to support either. SDCL 15-26-20. Essentially the defendant's assignments of error challenge the sufficiency of the evidence to justify the findings and the refusal of the court to accept the defendant's findings to the effect that someone other than the defendant was liable.

On appeal from the findings of fact our review is governed by the "clearly erroneous" rule. SDCL 15-6-52(a). The question before this court is not whether it would have made the same findings the trial court did, but whether on the entire evidence it is left with the definite and firm conviction that a mistake has been committed. In Re Estate of Hobelsberger, 1970, 85 S.D. 282, 181 N.W.2d 455.

The defendant operated individual businesses under various trade names including Fidelity Union, College Master and I T & T as a representative of insurance companies with which he wrote insurance. According to the testimony of the defendant, the business of Horatio's was owned by Sypo Inc. in which he claimed an interest as a stockholder and officer.

■ While the court acknowledged the allegation of agency, from evidence before the court there was not sufficient evidence to find its existence. The defendant did not by way of answer aver the corporate ownership of Horatio's by way of avoidance. SDCL 15-6-8(b), 15-6-8(c). His testimony was hardly convincing[1] and no substantial evidence was introduced by him to establish the existence of a corporation or its involvement in the business of Horatio's in the nature of business licenses it would be required to hold or a certificate of fictitious name, if one had been filed pursuant to SDCL 37-11, to protect the public with whom they deal. Mellgren v. Lewis and Tinsley, 77 S.D. 193, 90 N.W.2d 78.

While attempting to absolve himself of liability the defendant did not seek a substitution of parties, SDCL 15-6-17(a), ask for joinder of Sypo Inc. as a party defendant, SDCL 15-6-20(a), or bring the corporation into the action as a third party, SDCL 15-6-14(a). Had he either by answer or motion brought that issue before the trial court evidence might have been offered to support his contention. The only real evidence offered by the defendant to show his agency relationship to the alleged corporate owner of the business operating under the fictitious name of "Horatio's" were two checks, one dated September 29, 1970, and one dated October 13, 1970, each in the amount of $50. The name of Sypo Inc. with the post office box at Brookings was imprinted on these checks and the word "Horatio's" was written in ink at the top and they were signed by Larry Hileman, who did not indicate his office or relationship to the corporation. SDCL 57-13-5.

---

1. On examination by the plaintiff as an adverse witness, testimony of the defendant was as follows:
    "Q Now did Sypo Inc. ever have anything to do with the insurance agency, College Master?
    A No. When the corporation that I was part of purchased Horatio's, it was prior to that an asset of Sypo Inc. Sypo Inc. was the first letters of the last names of the four individuals that owned it at that time. We bought the corporation."

Although the defendant denied that a joint ad was ever sponsored naming his individual businesses in connection with Horatio's, the first entry in the ledger account on September 25, 1969, clearly shows to the contrary as one-half of a $70 ad was charged to College Master and one-half to Horatio's. The total of $70 was paid by one check on September 30, 1969, with one-half credited to Horatio's. The last item appearing as a debit on the ledger was an ad billed on the 24th day of March, 1970. The statements setting forth balances due on the account were mailed out monthly to Horatio's in care of the defendant Larry Hileman at his post office box. The fact that the defendant acknowledged he had conversation with the plaintiff's business representatives, coupled with the fact that the first and later payments on the account were made in response to these mailed statements to the defendant in this manner, warrants the finding by the court that subsequent credit was extended in reliance upon the credit of the defendant. Cooper v. Hileman, 1974, 88 S.D. 516, 222 N.W.2d 299.[2]

Based on the pleadings and from the evidence presented, the trial court did not err in its finding at the close of the trial. "After reviewing the evidence which has been submitted to this court in this matter, it would appear that during the period of time involved in this account, the plaintiff relied upon if anyone—and I believe the evidence has substantiated this—that they relied upon the credit of the defendant Mr. Larry Hileman. I am therefore going to hold that Mr. Hileman would be personally responsible for this bill." The court further stated, "* * * from the evidence I have heard, I can not, in this particular matter, hold any other way. So, I am going to hold that the defendant is personally responsible, and the plaintiff may prepare appropriate findings and order to that effect."

■ Defendant, by his brief and on oral argument, claimed that he was but an agent for a corporation principally liable for the debt. The finding of the trial court "that the defendant did not advise the plaintiff or its employees or agents of the alleged corporate capacity of the defendant * * *" prior to the time the obligation became due and in fact delinquent is a clear

---

2.  It should be noted that Cooper v. Hileman was heard later in the same day before the same court as this case so that evidence of agency in that case was not present in this one.

finding against that contention. Had the defendant established agency to the satisfaction of the trial court and that determination had been made, the principal being undisclosed, the plaintiff had the option of proceeding against the agent personally. 3 Am.Jur.2d, Agency, §§ 308, 342; Cooper v. Hileman, 1974, 88 S.D. 516, 222 N.W.2d 299 and cases cited therein.

A review of the entire record does not leave us with a definite and firm conviction that the trial court was mistaken in its findings.

Affirmed.

All the Justices concur.