292 N.W.2d 103 (1980)
In the Matter of A. M., alleged dependent child.
No. 12721.
Supreme Court of South Dakota.
Submitted on Briefs January 21, 1980.
Decided May 7, 1980.
Lee R. Burd, Deputy State's Atty., Sioux Falls, for appellant State of South Dakota.
Timothy S. Perry, Sioux Falls, for appellant child.
A. Thomas Pokela of Braithwaite & Cadwell, Sioux Falls, for appellee father.
John N. Gridley, III, Sioux Falls, for appellee mother.
HENDERSON, Justice.

ACTION
This is an appeal in a dependency action by the State of South Dakota and the concerned child, A.M., hereinafter designated as appellants, from a judgment in favor of M.M., father, and L.M., mother, hereinafter referred to as appellees, resulting from the trial court granting appellees' motion to dismiss at the close of the appellants' case-in-chief. We reverse and remand.

PROCEDURAL HISTORY
The state filed a petition on December 4, 1978, alleging A.M., then less than four months of age, to be a dependent child. On December 14, 1978, the trial court granted temporary custody of A.M. to the state and set trial for December 21, 1978. By stipulation of counsel, trial was rescheduled to January 25, 1979. Appellees moved for dismissal following the appellants' case-in-chief, which was taken under advisement, and granted on January 31, 1979. Findings of Fact and Conclusions of Law proposed by appellees were entered on February 14, 1979, the trial court rejecting those proposed by the state. Judgment of dismissal *104 was also entered pursuant thereto on that date. The last brief filed herein was on October 19, 1979. The case was submitted on briefs January 21, 1980.

FACTS
The state adduced evidence that within the first three and one-half months of A.M.'s life, the following incidents and acts of neglect occurred: the child had an almost constant cold; she was left unattended on three separate occasions while her mother made phone calls regarding her marital problems; she suffered diaper rash due to the mother's indifference in changing her diapers; she was housed at one time in a house that had no water and, on another occasion, that had no heat. She was placed in jail with her mother and father late one evening as a result of old warrants for their arrest. A.M. was struck on her head by her mother on December 3, 1978, which resulted in very visible bruises, contusions, and swelling.
Testimony also revealed that a social worker and a parent aid were trying to help the mother through a chaotic marriage during this period of time. The mother complained to her social benefactors that she was unable to obtain formula or diapers. L.M. also complained of her marital difficulties, including brutality at the hands of M.M., and was observed with facial bruising and black eyes on two different occasions. At one time, L.M. left M.M. The trial court also found that L.M. had a strong temper and had difficulty controlling it and was an immature and dependent person.
During the trial, the state sought to introduce evidence of neglect occurring after the petition was filed on December 4, 1978; however, the trial court refused to permit this line of proof upon the basis that such evidence was not material to the adjudication.

ISSUES

I.
Did the trial court err in granting appellees' motion to dismiss at the conclusion of the state's case-in-chief which ruling was based upon the premise that child abuse had not occurred sufficient enough to establish prima facie evidence of dependency under SDCL 26-8-22.10?

II.
Did the trial court err in refusing to permit the state to introduce evidence of events relating to the treatment of the child subsequent to the filing of the dependency petition?

III.
Were the findings of fact and conclusions of law entered by the trial court clearly erroneous in that the state established a prima facie case of abuse and dependency?

DECISION

I.
SDCL 26-8-22.10 provides:
[E]vidence that child abuse has occurred shall constitute prima facie evidence that such child is neglected or dependent and such evidence shall be sufficient to support an adjudication under this section.
Abuse is not statutorily defined. The history of this statute is reflective of the change and growing concern of society with the phenomenon of child abuse. The "prima facie" aspect of this statute was added by the legislature in 1971. The term "abuse" was not written into our state's dependency statute until 1968 (SDCL 26-8-6). Health care and law enforcement officials are now required to report child abuse (SDCL 26-10-10 through 26-10-13); these statutes provide immunity to reporting parties (SDCL 26-10-15). It appears that the legislature, in adopting these subsequent measures, intended that abused children be found dependent children. Further examination of the statutes reveal that the requirement to report child abuse was expanded by the legislature in 1973 and 1975. In 1975, SDCL 26-10-12.1 was changed to shift the responsibility of child abuse investigation *105 from the courts to that of the state's attorney, and mandating that action be taken and counsel be appointed for the child. This is exactly what transpired here.
Appellees maintain that simply striking or slapping the child in one isolated instance does not constitute abuse. This court has reviewed the colored slides of this traumatized baby and notes the serious bruising and swelling on the baby's face. It is obvious that a three and one-half month old baby is completely dependent and cannot sustain life without the aid of adult persons. A deliberate blow to such an infant is without any legitimate purpose as the child cannot be errant, disobedient, wrong, or mischievous. Corporal punishment to such a helpless human being has no teaching benefit or saving grace. To hold otherwise, is to say that deliberately and forcefully striking a tiny infant in the face is minimal adequate child care in South Dakota. We hold that such a striking causing this particular injury was serious, dangerous, and abusive under the statute. The state proved dependency by a preponderance of the evidence. The trial court erred in granting appellees' motion to dismiss under the state of the record and the evidence produced in trial.

II.
The trial court prevented the appellants from introducing evidence of events relative to the treatment of the child subsequent to the filing of the dependency petition on December 4, 1978, and prior to the trial on January 25, 1979. The trial court's rationale was that any events after filing were not material to adjudication. We hold that this was error. The transcript reveals that the trial court severely limited the appellants' proof for this period of time. Such a ruling by the trial court is contrary to our holdings in the Matter of N. J. W., 273 N.W.2d 134 (S.D.1978) and Matter of D. T., 89 S.D. 590, 237 N.W.2d 166 (1975). The events in a child's life between the filing of the petition and the adjudicatory hearing can be the most significant facts of all; a judicial set of blinders, which disregards new and illuminating facts, could result in a finding contrary to the best interests of the child. To totally disregard such facts and the course of treatment towards the child could be disastrous to the child's best interests. A child's best interests require a continuing vigilance from which the court must not swerve.

III.
We have repeatedly held, in a long line of cases, that the trial court's findings of fact cannot be set aside unless they are clearly erroneous and we are, after a review of all the evidence, left with a definite and firm conviction that a mistake has been made. SDCL 15-6-52(a); In the Matter of the Dependency and Neglect of V. D. D., 278 N.W.2d 194 (S.D.1979); Cunningham v. Yankton Clinic, 262 N.W.2d 508 (S.D.1978); Schutterle v. Schutterle, 260 N.W.2d 341 (S.D.1977); The Collegian v. Hilemen, 88 S.D. 601, 226 N.W.2d 163 (1975). Although the trial court found that L.M. struck A.M. in the face with sufficient force to leave bruising and swelling, as well as other facts set forth above, it concluded that the care afforded to A.M., while not perfect, met the minimum standards the state is entitled to require. We do hold here that the findings and conclusions of the trial court were clearly erroneous.
In conclusion, we reverse the trial court's order dismissing the dependency action and remand for entry of an adjudicatory order consistent with our holding and for further proceedings herein.
WOLLMAN, C. J., and DUNN and FOSHEIM, JJ., concur.
MORGAN, J., dissenting.
MORGAN, Justice (dissenting).
I dissent.
Under statutory mandate, SDCL 26-8-22.10, evidence of child abuse constitutes prima facie evidence of dependency or neglect. Reading the trial court's findings of fact which included:

*106 XV
The December 3rd hitting incident arose out of [L.M.'s] frustration caused in large part by marriage difficulties.

XVIII
[L.M.] demonstrated the capability to care for her child on a regular basis.

XIX
[L.M.] seemed to need reinforcement and generally responded well to agency's suggestions.

XX
[A.M.] appeared to be well-fed, appropriately clothed, clean, and normal in height, weight and development.

XXI
The [Ms'] mobile home appeared clean and adequate, except for the two times when utilities were off.

XXII
[L.M.'s] care of [A.M.] seemed to be appropriate.

XXIII
No agency personnel had ever observed any bruises or injuries to [A.M.], except for the December 3rd incident.

XXIV
None of the State's witnesses felt concern at any time for [A.M.'s] safety or welfare.
it appears that the trial judge who heard the evidence felt that the prima facie case was overcome by the evidence as a whole. The findings above support his conclusions of law:

I
Viewing the evidence in a light most favorable to the State, the State failed to show [A.M.] to be a dependent child.

II
The care provided to [A.M.], although not perfect, meets the minimum standards the State is entitled to require.
The majority would apparently overrule the trial judge on the basis of one piece of evidence, a color photo. I think we should decide lawsuits on all the evidence. We should do more than pay lip-service to the clearly erroneous rule, especially in reversing an experienced trial judge.
I am also disturbed by the suggestion that evidence of conduct after the petition is admissible per se. In both Matter of N. J. W., 273 N.W.2d 134 (S.D.1978), and the Matter of D. T., 89 S.D. 590, 237 N.W.2d 166 (1975), we held evidence of conduct after the filing of the petition was admissible only where relevant to the parents' continuing behavior and attitudes similar to past actions. If some new conduct arises the state can easily ask leave to amend the petition and then all parties can proceed to trial without blinders. Due process mandates that parents be advised in advance of hearing of what course of conduct they are to defend against. To this extent I think the majority opinion should be tempered.
I would affirm the judgment of the trial court.