## John Thayden, Appellant, v. Raymond Christiansen, Appellee.

### Gen. No. 8,102.

1. EVIDENCE—*parol evidence inadmissible to show capacity in which one executes contract of employment.* Where it is evident from the face and contents of a contract of employment that it is personal in its character, parol evidence is not admissible to show that the employer intended to act in a representative capacity as commissioner of highways in executing the contract.

2. MASTER AND SERVANT—*function of court to construe employment contract.* It is the function of the court and not of the jury to construe a contract of employment in determining whether the employer acted in a representative capacity in executing a contract.

Appeal by plaintiff from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

ROBERT R. RODMAN, for appellant.

DYER & DYER, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is a suit in assumpsit, commenced by Raymond Christiansen, the appellee, against the appellant, John Thayden, to recover a balance which he claims was due him under a written contract entered into by the parties, by which the appellant agreed to hire and furnish work for the appellee at a salary of $91.00 per month; and to pay him $45.50 at the end of every two weeks, or twice a month. The contract which is the basis of appellee's right to recover, is as follows:

"TO WHOM IT MAY CONCERN:

"This is to certify that I, John Thayden, agree to hire Raymond Christiansen and furnish him work for ten months of the year starting March 1, 1925 at a salary of $91.00 per month. This salary is to be paid

him at the end of every two weeks, or $45.50 twice a month.

"This is a contract between myself and Raymond Christiansen and takes into consideration that it is binding on Mr. Christiansen as much as myself and his work for the township must be up to the standard required by the township."

Signed:  Raymond Christiansen<br>Signed:  John Thayden.

Witnesses:  Franklin H. Lutz.

There was a trial in the circuit court of Vermilion county on appeal from a justice of the peace. The trial resulted in a verdict by the jury, finding in favor of the appellee, and assessing his damages at $208.45, upon which the trial court rendered judgment. This appeal is prosecuted from the judgment.

It is urged on appeal that the contract referred to cannot be legally considered as the personal contract of the appellant because, as a matter of fact, the appellant, in hiring the appellee was acting as highway commissioner in Butler township; and that all the work which the appellant furnished him, and which the appellee performed, was township work. Whether or not the contract is a personal contract must be determined from the instrument itself. It is evident from the face and contents of the instrument, that it is personal in its character and scope. Parol evidence cannot therefore be admitted to change or vary its items; nor to show, that the appellant intended to act in a representative capacity as commissioner of highways in executing the contract. *Hypes v. Griffin,* 89 Ill. 134. And the court was not in error in construing the contract; this is the function of the court and does not come within the province of the jury. We find no error in the giving or modifying of instructions; nor in the admission or exclusion of evidence. The judgment is therefore affirmed.

*Judgment affirmed.*