(No. 32647.—

NANDOR MARKOVITS, Appellee, *vs.* MARISKA MARKOVITS *et al.*, Appellants.

*Opinion filed March 17, 1954.*

304

Burt I. Stolar, and Morris K. Levinson, both of Chicago, for appellants.

Gorski, Hassell, Daly & Sinden, of Chicago, (Edward A. Sinden, and Thomas M. Daly, of counsel,) for appellee.

Mr. Justice Fulton delivered the opinion of the court:

This is a direct appeal from a decree of partition entered in the superior court of Cook County in favor of appellee, Nandor Markovits, the plaintiff in the original action, and against appellants who were defendants in the court below. The record contains no report of proceedings and shows no proof or testimony. The decree appears to have been entered upon the pleadings alone. The principal question presented here is whether the entry of the decree was proper in view of the allegations contained in a cross complaint filed by appellants and impliedly, though not expressly, stricken and dismissed by the trial court at the time the decree was entered.

The original complaint filed by appellee, Nandor Markovits, against his mother, Mariska Markovits, and his wife, Hilda H. Markovits, sought to partition certain real estate in the city of Chicago, allegedly owned by appellee and his mother, as well as an accounting for rents and income said to have been received by appellant Mariska Markovits. The complaint alleges that title had originally been in appellee, his mother, Mariska, and his father, Bela Markovits, as joint tenants by virtue of a deed dated February 2, 1945, from the First National Bank of Chicago as trustee under a certain trust agreement; that Bela Markovits had died and that the title then became vested in appellee and his mother; that appellant, Mariska, conducts a business in the three-story brick building on the premises, occupies it in part as a dwelling and rents out rooms in the building to transient guests. In addition to a partition and an accounting the complaint asks for the appointment of a receiver and general relief.

The original answer of Mariska Markovits does not specifically admit or deny the various allegations of the complaint but denies "each and all" of its allegations and seeks to incorporate by reference, as part of the answer, her complaint in the same court in another action in which appellee, Nandor Markovits, and his wife were defendants. After this answer had been filed, appellee, by leave of court, filed his amended and supplemental complaint, restating the allegations of the original but further alleging a conveyance by Mariska Markovits to appellant Fred E. Engel, by quitclaim deed of all her interest in the property subsequent to the filing of the original complaint and seeking the same relief. Fred E. Engel was added as a party defendant. Appellants, Engel and Mariska Markovits, then answered, adopted the original answer filed on behalf of Mariska, admitted the execution of the quitclaim deed but denied right to relief. An amendment to this answer filed by leave of court alleges the appoint-

ment of Mariska as executrix of the estate of her husband, Bela Markovits. Motions by appellee to strike both the answer and the amendment were sustained by the court, whereupon appellants were given leave to file an amended answer and counterclaim.

The cross complaint then filed by Mariska Marvovits, individually and as executrix, in which appellant Fred E. Engel joins, alleges in substance that the deed of February 2, 1945, from the bank to Bela, Mariska and Nandor Markovits as joint tenants was the result of a contract Bela and Mariska had with the bank to purchase the real estate in question for $11,700; that Bela and Mariska had furnished the entire consideration for the conveyance; that none of it had been paid by Nandor; that, in consideration of Nandor's agreement to aid his parents in the business they conducted on the premises, they had agreed to add his name to the deed as joint tenant if he would faithfully devote his time and attention to the business; that Nandor had agreed to do so but frequently defaulted and absented himself for long periods of time. The cross complaint then further avers that in 1945 when both parents were ill and needed to get away from the business for reasons of health, Nandor agreed to return from California where he had taken up residence with his wife, and operate the business in consideration of the issuance of the deed as planned; that the son returned from California and the deed was issued to the three as joint tenants; that the parents went to New York in May of 1945 leaving Nandor in charge of the business and property; that contrary to his promises and while his parents were in New York, Nandor abandoned the business and property in July of 1945 and moved back to California; that while in charge of the business and property Nandor had appropriated $2,000 from the safety-deposit box of his parents, $5,000 from their bank account and $4,000 in rentals; that the promises of Nandor

were based on fraud and deceit, were made to induce his parents to name him as grantee and for the purpose of securing possession of the funds appropriated; that Nandor's conduct had impaired his mother's health and hastened the death of his father and that the conveyance to Engel was made because of Nandor's acts. The cross complaint seeks reconveyance of the property to Mariska by Nandor and his wife and an accounting for the funds allegedly taken. The answer filed by Mariska individually to the amended and supplemental complaint contains the same allegations as those of the cross complaint and asks the same relief, but appellant Engel does not join in the answer.

Appellee filed a motion to strike the cross complaint on the grounds that his mother had no right to maintain an action to set aside the deed because of the conveyance to Engel; that the alleged contract with the bank was not set forth *in haec verba,* or a copy attached; that Mariska as executrix had no standing in the case; that the cross complaint stated no cause of action; that Engel sets forth no claim made by him and that the subject matter of the cross complaint is contained in another complaint pending before the same court. Following the filing of this motion, appellant Mariska Markovits filed an amendment to her cross complaint alleging reconveyance of the property to her by Engel and that the present value of the real estate was $20,000. The motion to dismiss was allowed to stand to the cross complaint as amended. Appellee also filed a motion to strike the amended answer on the ground that it was in fact a counterclaim and did not answer the amended and supplemental complaint.

At this stage of the proceedings the trial court entered the decree of partition. The record does not show that the trial court passed upon the motion to dismiss the cross complaint, but the decree recites that the answer has been stricken, though the record shows no separate

order to that effect. The decree purports to reserve the questions of accounting, and orders partition or sale of the property and a division of the proceeds of sale. The effect of the entry of the decree was to sustain the motion to dismiss the cross complaint, and the parties to this appeal have argued the case on that premise. As previously indicated the question to be decided is whether the trial court's action in entering decree without affording appellant Mariska Markovits an opportunity to make proof under her answer and cross complaint was proper.

An examination of the pleadings shows that there is no merit in appellee's contention that his motion to dismiss the cross complaint should be sustained for the reason that Mariska Markovits had conveyed her interest to Engel and therefore had no standing in an action to set aside the deed. This objection, if well taken, was obviated by the amendment which alleged reconveyance by Engel. Nor is there any merit in the position that the contract between Bela and Mariska Markovits and the bank should have been pleaded *in haec verba* or a copy attached. The cause of action alleged in the cross complaint is not founded upon that instrument and the provisions of section 36 of the Civil Practice Act (Ill. Rev. Stat. 1953, chap. 110, par. 160,) do not apply. The contention that Mariska as executrix has no interest and is not a proper party plaintiff in the cross complaint ignores the questions of accounting raised by its allegations and the possibility that, because some of the money alleged to have been taken by Nandor belonged to both Bela and Mariska, there might be a claim in favor of Bela's estate and a duty to account to his personal representative. The objections that the cross complaint states no cause of action in favor of the executrix and contains many conclusions do not specify any particular deficiencies in the pleading attacked and are therefore not in compliance

with section 45 of the Civil Practice Act. (Ill. Rev. Stat. 1953, chap. 110, par. 169.) Though, as the motion says, the cross complaint sets forth no claim made by Engel, this has apparently become a moot point because, with a reconveyance of the property, he appears to have abandoned any claim, and, in any event, any failure of the cross complaint to state a cause of action in favor of Engel could not operate to defeat the claim of Mariska Markovits and would not be a sufficient reason for dismissing the entire cross complaint. If, as the motion alleges, the cross complaint sets forth matter already alleged in a cause pending in the same court in which Mariska Markovits is plaintiff and Nandor and his wife are defendants, the effect is only a consolidation of the actions without a formal motion and order in that connection. It is difficult to say how the interests of Nandor Markovits can be adversely affected by pleading the cause of action to set aside the conveyance and for an accounting as a cross complaint in the partition suit. It affords the parties an opportunity to litigate all their claims and differences in one case. Assuming that the complaint in the other action also seeks to set aside the conveyance and asks for an accounting, there is no danger in the very nature of things that such relief will be afforded twice. Counsel for appellee have cited no authorities to support them in this position and we do not believe it is well taken. The reasons relied upon in the motion to dismiss the cross complaint are without foundation.

On the other hand, the facts alleged in the cross complaint, which must be taken as true for purposes of this discussion, state a cause of action. The gist of the action is that the interest of Nandor in the property was obtained through fraud by the making of promises he had no intention of performing as well as a complete failure of consideration. The facts, if true, would constitute

grounds for equitable relief by voiding the interest of Nandor in the premises. (See: *Zarembski* v. *Zarembski,* 382 Ill. 622; *Weaver* v. *Zimmer,* 337 Ill. 498; *DeCosta* v. *Bischer,* 287 Ill. 598; *McClelland* v. *McClelland,* 176 Ill. 83.) The doctrine is established in this State that where one voluntarily conveys all his property in consideration of his support and maintenance during his life and the grantee afterwards refuses to perform the contract, a court of equity will be justified in presuming a fraudulent intention in the first instance in entering into it and will grant relief by rescission of the contract and cancellation of the deed. (*DeCosta* v. *Bischer,* 287 Ill. 598, 605.) While the cases cited involve failure to keep a promise of future support, we believe there can be no difference in principle from a situation in which there is a failure to keep a promise to manage and operate a business for the mutual benefit of the parties, the business being a source of their mutual support.

So far as the striking of the amended answer is concerned, while the pleading may not comply with section 40 of the Civil Practice Act (Ill. Rev. Stat. 1953, chap. 110, par. 164,) in that it contains no explicit admission or denial of each allegation of the amended and supplemental complaint, and while it is technically wrong in asking affirmative relief, the effect of realleging substantially the facts of the cross complaint was to set up an affirmative defense. In view of the fact that the pleadings of Mariska taken as a whole were sufficient to apprise plaintiff and cross defendant of the defense to his action and the claim against which he was called upon to defend, and because this case will have to be remanded, we believe that appellant Mariska should have an opportunity to supply the more or less formal deficiencies in her answer.

For the reasons stated, the decree of the superior court is reversed and the cause is remanded, with directions

to permit appellant Mariska Markovits to supply the deficiencies in her answer and to permit appellee, Nandor Markovits, to file an answer to the cross complaint, and that the cause then proceed to hearing on the merits.

*Reversed and remanded, with directions.*