ORAL BETHARD, Petitioner-Appellee, *v.* LOYD MINK, Respondent-Appellant.

(No. 11485; ▮▮▮▮▮▮▮▮

Fourth District—March 11, 1971.

Grigsby & Irving, of Pittsfield, (Brice Irving, of counsel,) for appellant.

Goehl & Adams, of Quincy, (John F. Adams, of counsel,) for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the respondent from an interlocutory order of the circuit court denying his motion to dismiss the petition filed in an election contest. Under Supreme Court Rule 308, Ill. Rev. Stat. 1969, ch. 110A, par. 308, the court found in its order that such order involved a question of law as to which there was substantial basis for difference of opinion and that an immediate appeal from the order would materially advance the ultimate determination of the litigation. The two issues presented are (1) whether the language of Ill. Rev. Stat. 1969, ch. 46, par. 23—30, providing that "copies of such petition shall be delivered by mail to each proper clerk  *  *  *  who is custodian of any ballots involved in the contest" is directory or mandatory and (2) whether the trial court erred in permitting the county clerk of Pike County to file a receipt acknowledging receipt of a copy of the petition on the 76th day after the vote was canvassed and indicating in such receipt that the ballots had not been destroyed. We affirm the order of the trial court.

From the briefs of the respective parties, it is clear that there is no controverted question of fact. The petitioner filed his petition to contest the election on November 20, 1970. On December 22, the respondent filed a motion to dismiss the petition for the reason "that petitioner has not followed prescribed stautory requirements granting him the right to contest the election in order to confer jurisdiction upon the court". The motion was heard on January 18, 1971. In support of his motion to dismiss, the respondent contended that the petitioner had not properly invoked the jurisdiction of the court in the election contest for the reason that he had failed to file with the county clerk a copy of his petition as required by par. 23—20 of the statute. The petitioner claimed surprise and asserted that for the first time he had learned the basis for respondent's motion. The cause was continued for one week. On January

19, the petitioner filed a copy of his petition with the county clerk, together with a receipt of the county clerk and his affidavit that the ballots were still in existence.

■■■ This record discloses that respondent's motion was basically inadequate in that it failed to show on its face the specific defects complained of as required by the plain mandate of CPA, par. 45, which states: "The motion shall point out specifically the defects complained of * * *" (Ill. Rev. Stat. 1969, ch. 110, par. 45; *Markovits v. Markovits*, 2 Ill.2d 303, 118 N.E.2d 255; *Zanbetiz v. Trans World Airlines, Inc.*, 72 Ill.App.2d 192, 219 N.E.2d 98.) The petitioner filed no motion to strike the pleading or otherwise preserve any objections to its form or its sufficiency and we therefore cannot pass on the issue on appeal. (*Till v. Till*, 87 Ill.App.2d 358, 231 N.E.2d 641.) We feel constrained, however, to state that had the specific objection to the petition been made in the motion on December 22 it would have been within the 60 days required by statute for the clerk to retain the ballots and before the ballots could have been legally destroyed and a copy of the petition might well have been filed within the 60 days. The purpose of pleadings is to present specific issues of triable facts. This motion on its face is a return to the now decadent general demurrer.

■■ Ill. Rev. Stat. 1969, ch. 46, par. 23—20, provides in part: "Copies of such petition shall be delivered by mail to each proper clerk or board of election commissioners who is a custodian of any ballots involved in the contest". It is this provision that the respondent says is mandatory and jurisdictional. In *Johnson v. Pautler*, 22 Ill.2d 299, 174 N.E.2d 675, the Supreme Court held that the legislative intention reflected in this sentence of the statute was that the county clerk was to receive a copy of the election contest complaint. Nevertheless the Supreme Court did not adhere to a literal reading of the statute which required service of a copy by mail but held that personal service was adequate and that the provision "by mail" simply permitted a substitute for personal service. Thus the Supreme Court refused to hold to the specific language of the statute that the type of service and that alone was required and mandatory. It in effect held that service by mail was permissive or directory rather than mandatory. We should also observe that the sentence above quoted does not state by whom or when the copy of the petition must be served on the custodian of the ballot in the county or counties. *Stradford v. Reinecke*, 6 Ill. App.2d 537, 128 N.E.2d 588, holds that an elector or candidate who contests the election of a public office must give express notice to the election commissioners or county clerks of the filing of such action and discusses the reasons and the import of such requirement. Johnson recognizes the import of such holding and

such language, but nevertheless holds that this does not mandate service "by mail". It seems to us that if such precise language does not constitute a mandate, then a sentence which does not specify by whom or when notice to the clerk shall be given cannot be mandatory but is directory.

Ill. Rev. Stat. 1969, ch. 46, par. 17—20, requires the clerk having custody of the ballots to preserve them for two months and then destroy them "Provided, if any contest of election is pending at such time in which such ballots may be required as evidence, and such clerk or board as the case may be has notice thereof the same shall not be destroyed until after such contest is finally determined." It is to be observed that this section of the statute does not state how, when or in what manner the clerk shall have notice of the filing of an election contest. We would observe however that in a county the size of Pike where the office of county clerk is a political office there is small chance that there was not actual notice by the county clerk of the filing of the petition. We would likewise surmise that he knew not only its contents but having such knowledge did not destroy the ballots realizing that they would be needed in the election contest. We do not pass on the question nor is it presented as to what the consequences might have been had the clerk followed the language of the statute and destroyed the ballots within the 60 day period with actual knowledge of a pending petition to contest an election in his county. We entertain no doubt but that a copy of the petition must be served on the county clerk or election official having custody of the ballots at some time prior to their destruction and sound practice would dictate that a plaintiff interested in contesting an election would be well advised to serve such a copy before the expiration of the 60 day period for the desrtuction of the ballots. The proviso, however, for such notice is only to insure their existence at the time of the hearing on the original contest. Indeed the trial court limited the receipt to that extent only and did not rule or decide whether or not the ballots had been otherwise properly preserved. This will be later determined at the hearing on the merits.

■■ We do not mean to imply that the requirement that a copy of the petition to contest an election should be served on the appropriate county clerk or clerks or election commissioners should be lightly and carelessly disregarded. We do think the purpose of the statute is to insure that the ballots are in existence when needed for the election contest and to insure that the custodian of the ballots will not wilfully or inadvertently destroy such ballots. To hold, however, that this requirement is either mandatory or jurisdictional is to provide a judicial technical obfuscation of an otherwise worthwhile proviso. It is patent that a

failure on the part of a contestant to serve a copy of the petition on the custodian or custodians of the ballots will be self-defeating. If the ballots are destroyed by the clerk after the stautory 60 days without notice of a pending election contest, the election contest aborts. We recognize that an election contest is purely stautory and a failure to follow its terms may well result in sudden death to the contest. In the instant case the rights of no one are jeopardized. The notice required to be given the clerk is to deter destruction of the ballots. That purpose was accomplished in the absence of a precise time for service of a copy of the petition. Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.