WORLD INSURANCE COMPANY, Plaintiff-Appellant, *v.* ALEX SMITH, Defendant-Appellee.

(No. 59795;

First District (2nd Division)—May 20, 1975.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (Michael R. Turoff, of counsel), for appellant.

Mitchell & Allen, of Chicago (William H. Martay and Raymond Allen, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

World Insurance Company (hereinafter plaintiff) brought suit to collect insurance premiums allegedly due from Alex Smith (hereinafter defendant). After a bench trial, judgment was entered for the defendant. On appeal plaintiff urges that the judgment is contrary to the manifest weight of the evidence, asserting that the admission of evidence regarding oral conversations between the plaintiff's agent and defendant was in error.

In its complaint, plaintiff alleged defendant entered into an agent's agreement to sell credit health and life insurance policies in connection with car sales by Grove Dodge Sales, Inc. (hereinafter Grove Dodge.) It was further alleged defendant failed to account to plaintiff and failed to pay over premiums after proper deductions for commission. The balance alleged to be owing was $6,625.07.

Defendant's answer to the complaint alleged that any agreement made by him was made for and on behalf of Grove Dodge, and that the transactions and acts between the parties were between plaintiff and Grove Dodge and not the defendant; that the defendant did not personally collect any funds as agent of plaintiff; and that Grove Dodge was involved in a bankruptcy proceeding in the United States District Court for the Northern District of Illinois, and in said proceeding Grove Dodge listed said claim, that plaintiff was given notice of the bankruptcy proceeding, and that said claim was discharged in the bankruptcy proceeding.

Plaintiff replied that defendant assumed a personal, not a corporate, obligation when he signed the agreement and two subsequent amend-

ments; and that further defendant was not a bankrupt. Defendant answered the reply urging that all obligations on the agreement were those of Grove Dodge, and that he was merely the conduit of Grove Dodge which handled all the accounting under the agreement.

Defendant never denied that he signed in his own name, without qualification, the agent's agreement and two subsequent amendments to that agreement.

At the trial plaintiff relied on the agreement, the two amendments, certain documentary evidence, and the testimony of Roger Thrane, Assistant Vice-President—Premiums for plaintiff, to prove its case. Thrane testified regarding various documents and records pertaining to the transactions with defendant. In sum these records established an amount owing to plaintiff in the sum of $6,624.04. Thrane stated on cross-examination that he never appeared at a bankruptcy hearing and had no knowledge as to whether plaintiff filed a claim against Grove Dodge in a bankruptcy proceeding.

The defendant testified that he was president of Grove Dodge. Over objection of plaintiff, the defendant was permitted to testify that he was solicited by a Fred Walich, an agent of plaintiff, relative to becoming an agent for plaintiff. An objection to any testimony regarding conversations between defendant and Walich prior to the signing of the agreement was sustained. The trial court then indicated that the defendant's conversations with Walich may be introduced but not to vary the contract, saying, "There was never a contract between Grove Dodge and World Insurance." The trial court further indicated that "Grove Dodge was never the agent of World Insurance."

Defendant then testified that he told Walich that Grove Dodge would sell insurance for plaintiff through retail installment contracts, that the proceeds of the premiums would go to Grove Dodge and any payments due would be made by Grove Dodge. Defendant testified that all funds were handled through Grove Dodge, and that he never received any funds from plaintiff in his individual capacity. Defendant further testified that Walich prepared the agreement which he signed. Defendant was confronted with two checks of plaintiff made out to and endorsed by the defendant personally. One check was endorsed over to Grove Dodge, while the second check defendant claimed did not carry his endorsement but was allegedly endorsed by a person other than defendant.

## I.

In urging that the judgment of the trial court is contrary to the manifest weight of the evidence, plaintiff contends (a) the admission of defendant's testimony regarding conversations prior to the written agreement in order

to alter the meaning of that agreement constituted error, and (b) the evidence established plaintiff was entitled to judgment against defendant, as its agent, for premiums he collected but did not remit.

### A.

The agreement states in pertinent part:

"This agreement made this 10th day of July, 1964, between WORLD INSURANCE COMPANY of Omaha, Nebraska, hereinafter called Company, and Alex Smith—9009 Waukegan Road—Morton Grove, Ill., hereinafter called Agent, WITNESSETH, Company hereby appoints Agent to solicit credit life and credit health insurance from, and to issue policies of such insurance on Company's forms and at its premium rates to debtors of Grove Dodge—9009 Waukegan Road—Morton Grove, Illinois, and affiliated or associated companies on the following terms and conditions."

This contains the signature "Alex Smith." An addendum attached to the agreement, as well as two amendments accepted August 31, 1965, were similarly signed by the defendant.

■■ The law is clear in Illinois that, as between parties to an instrument, extrinsic evidence is inadmissible to vary, alter, or contradict a written instrument which is complete, unambiguous, valid and unaffected by fraud, duress, mistake, or illegality. (See *Spindler v. Krieger* (2nd Dist. 1958), 16 Ill.App.2d 131, 139, 147 N.E.2d 457; 18 I.L.P. *Evidence* § 251 (1956).) The written contract is conclusively presumed to include all the material terms, and all prior negotiations are merged into that agreement. The intention of the parties must be ascertained, if possible, from language employed in the contract itself. Where there is no ambiguity in the language of the contract, the court should not consider extrinsic facts in determining the intention of the parties. *Zimmerman v. Schuster* (2nd Dist. 1957), 14 Ill.App.2d 535, 543, 145 N.E.2d 94; 18 I.L.P. *Evidence* § 255 (1956).

Plaintiff strongly urges the agreement between the parties was clear and unambiguous. It our opinion, the evidence clearly shows defendant signed the agreement in his own name with no qualifications. Plaintiff argues defendant's signature binds defendant, and parol evidence may not be introduced to vary his obligations under the agreement. This position is supported by *Thayden v. Christiansen* (3rd Dist. 1927), 246 Ill.App. 380, 381:

"Whether or not the contract is a personal contract must be determined from the instrument itself. It is evident from the face and contents of the instrument, that it is personal in its character and scope. Parol evidence cannot therefore be admitted to change or

vary its items; nor to show, that the appellant intended to act in a representative capacity as commissioner of highways in executing the contract."

Defendant, relying on the testimony permitted by the trial court, contends he was acting at all times on behalf of Grove Dodge, and that it was understood by both parties that he signed the agreement in his administrative capacity as president of Grove Dodge. He urges the extrinsic evidence regarding the understandings of the parties was properly admitted to explain the circumstances under which the parties entered the agreement.

Defendant further argues the failure of plaintiff's agent to include an explanation of the arrangements between the parties in the written expression of the agreement constituted misrepresentation. This misrepresentation is urged, before this court, as a ground on which to justify the admission of the parol evidence to vary the terms of the contract. However, defendant failed to assert the defense of misrepresentation in the pleadings or in the trial court.

■■ Defendant's testimony in effect sought to, and did, vary, contradict and change the express language of the contract. An agreement in writing must be presumed to speak the intention of the parties who signed it, and the intention with which it was executed must be determined from the language used. *Western Illinois Oil Co. v. Thompson* (1962), 26 Ill.2d 287, 291, 186 N.E.2d 285.

The trial judge offered no explanation for the admission of the parol evidence. Our search of the record reveals no evidence or allegation of fraud, accident, mistake, ambiguity or other grounds which would justify the admission of prior statements to vary the relationship of the parties from that which appears on the face of the instrument.

Defendant's attempt to use his own testimony with respect to his own statements to prove he acted on behalf of Grove Dodge, rather than for himself, was self-serving and improper. In effect, defendant was attempting to prove an undisclosed agency between himself and Grove Dodge, and plaintiff's knowledge of that agency. The law as stated in *Kelrick v. Koplin* (1st Dist. 1966), 73 Ill.App.2d 63, 70, 219 N.E.2d 758, explains:

"We believe the rule is set forth in 32A CJS § 991 at page 502 where it is said: 'If a simple contract is on its face the undertaking of the agent only, no reference being made to any representative capacity, or if it is otherwise made in a manner to bind the agent personally, parol evidence will not be received to exonerate the agent from liability thereon.' * * * [I]t was held that where an agent signed a contract in his own name and the contract nowhere mentioned the existence of an agency or the name of the principal,

parol evidence was not admissible to show that the agent was not personally liable."

In our opinion, an agent may not introduce parol evidence to escape liability on an agreement which it appears he signed in his individual capacity. This position stems from the principle that extrinsic evidence may not be introduced to vary the terms of a contract which is clear and unambiguous on its face. To allow the introduction of parol evidence to explain the circumstances under which an agent signed a contract, in order to excuse him from liability on that contract, would be varying the terms on the face of the contract.

The United States Supreme Court in *Nash v. Towne* (1867), 72 U.S. (5 Wall.) 689, 704, 18 L.Ed. 527, 530, stated, "* * * but the *agent who binds himself is never allowed to contradict the writing by proving that he contracted only as agent, and not as principal.*" (Emphasis added.)

Modern authorities are in accord with this position. Restatement (Second) of Agency § 323(1) (1958), states:

"If it appears unambiguously in an integrated contract that the agent is a party * * * extrinsic evidence is not admissible to show a contrary intent, except for the purpose of reforming the contract."

See also Gard, Illinois Evidence Manual, Rule 268 (5th ed. 1963); 3 Gard, Jones On Evidence § 16:21, at 128 (6th ed. 1972); and Clark, Callaghan's Illinois Evidence § 9.28 (1964).

The Uniform Commerical Code (Ill. Rev. Stat. 1973, ch. 26) is applicable in the field of commercial paper. The situation in this case is an agreement to sell insurance, not a sale of goods or a transaction involving commercial paper, but the provision of section 3—403 of the Commercial Code dealing with signatures might be of interest. That section states:

"(2) An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity."

Cf. *Bostwick Banking Co. v. Arnold* (1970), 227 Ga. 18, 178 S.E.2d 890, 893; *Southern Oxygen Supply Co. v. Golian* (1973), 230 Ga. 405, 197 S.E.2d 374; and *George v. Smith* (1920), 190 Ind. 582, 129 N.E. 231.

Thus, defendant's testimony regarding his own statements were improperly admitted and considered in determining whether an agency relationship existed between defendant and Grove Dodge which would exempt defendant from liability to plaintiff under the agent's agreement signed by defendant.

■ The contract here is a simple commercial contract between an insurance company and one authorized to act as an insurance agent in the State of Illinois to sell life and credit health insurance to purchasers of automobiles from Grove Dodge. There is nothing within either the four corners of the agreement, its amendments or pleading in this cause which authorized the introduction of parol evidence. In our opinion, the agreement in this case, signed by the defendant, was clear, unambiguous and contained no reference to defendant's present claim that he was signing as a representative or agent of Grove Dodge.

The introduction of parol evidence to alter the relationship of the parties as it appears on the face of the agent's agreement signed by defendant was error.

### B.

■■ There is no dispute in the record that plaintiff established that $6,624.04 was due it. The trial court, having erroneously allowed parol evidence, found that nothing was due from defendant. Eliminating the parol evidence, we find the plaintiff did establish the amount of $6,624.04 was due it from the defendant. Therefore the judgment of the trial court was contrary to the manifest weight of the evidence. Defendant did not attempt to challenge the accuracy of the amount claimed. Therefore, judgment should be entered for the plaintiff and against the defendant for $6,624.04.

The judgment of the circuit court of Cook County is reversed and the cause is remanded with directions to enter the judgment in accordance with the views expressed in this opinion.

Judgment reversed and remanded with directions.

STAMOS and LEIGHTON, JJ., concur.