WINIFRED B. KENDALL *et al.*, Plaintiffs-Appellants, *v.* BLAINE W. KENDALL, Defendant-Appellee.

Third District   No. 76-113

Opinion filed March 21, 1977.—Rehearing denied April 13, 1977.

Edward L. Eagle, Jr., of Rock Island, for appellants.

Robert G. Scott, of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

In this action Winifred Kendall and her three daughters sought to rescind a conveyance of real estate to Blaine Kendall, defendant. The complaint also sought an accounting for the rents and profits from the real estate during the time it was owned by the defendant. Pursuant to the defendant's motion to dismiss the complaint, the circuit court of Mercer County granted the motion and entered judgment against the plaintiffs with respect to the equitable remedy of rescission requested by the plaintiffs in their complaint. The trial court certified there was no just reason for delaying an appeal and accordingly the plaintiffs have appealed to this court.

Since the trial court's action was based on pleadings, the facts relevant to this appeal are those set forth in the pleadings and exhibits attached thereto.

Meigs Kendall died intestate in 1945 owning the 210-acre farm which is the subject of this litigation and farm machinery. He left as his only heirs at law his widow, Winifred Kendall, three daughters, Larene Lingafelter, Drucilla Martin and Idamae Kenny, the plaintiffs in this action, and one son, Blaine Kendall, the defendant. In 1948 all of the parties entered into a written agreement with respect to the farm and the farm equipment. By the terms of the agreement the farm was to be conveyed to Blaine Kendall with a life estate in the entire farm to be vested in the widow, Winifred

Kendall. The ownership of the farm machinery was to be vested in Winifred Kendall and Blaine Kendall in equal shares. In addition, the written agreement provided that Blaine Kendall would execute and deliver his promissory note in the amount of $6,000 to each of his sisters. The agreement also provided that Blaine Kendall would rent the farm.

The complaint alleges that in order to provide his mother with adequate support for the duration of her life, Blaine promised to operate and manage the farm and pay the rent therefrom to his mother. Since, according to the complaint, the defendant violated his obligation by failing to make payments to his mother, the plaintiffs were entitled to the equitable relief of rescission and the incidental relief of an accounting.

The trial court held that the allegations of the complaint were insufficient to support the request for the equitable relief of rescission. In denying the plaintiffs request for equitable relief, the trial court also denied the plaintiffs any leave to amend the complaint insofar as their amendment might seek rescission. The order permitted the plaintiffs to amend their complaint in any other respect. It should be noted that the trial court only· denied the plaintiffs request for the equitable remedy of rescission and its ruling did not purport to deny the plaintiffs any other remedy which they might have for violations of the agreement.

■■■ As their principal assignment of error, the plaintiffs argue the trial court erred because the decision is contrary to the applicable law. The well-established rule is that if a parent conveys his property to a child in consideration of the child's promise to support the parent, and the child fails to carry out his promise to support the parent, then equity will presume the child had a fraudulent intent at the time of the conveyance or intended to abandon the contract and will grant relief to the parent by allowing the parent to rescind the contract. (*Frazier v. Miller*, 16 Ill. 48; *Markovits v. Markovits*, 2 Ill. 2d 303, 118 N.E.2d 255.) A deed executed by a parent under such circumstances belongs to a class distinguished by the courts from ordinary deeds of bargain and sale. The reason for the distinction and the rule is that the obligation of the child to provide comfort, care or support cannot be specifically enforced in equity on account of the nature of the obligation and yet, an award for damages in law would be inadequate. *Mruk v. Mruk*, 379 Ill. 394, 41 N.E.2d 490.

Although we have discussed the rule applicable to those situations where a parent has conveyed his property to a child in consideration of the latter's promise to support the parent and the promise has not been kept, we recognize that the parties do not quarrel about the rule. According to the defendant, concurred in by the trial court, the written agreement did not include any provision requiring the defendant to support his mother or operate the farm for her. If there was no obligation

of support, then the circumstances under which rescission was appropriate, as discussed in the prior paragraphs, did not exist and rescission was not warranted.

Admittedly, the written agreement did not include any obligation of the defendant to support his mother for the remainder of her life by operating and managing the farm and paying rents to her, but in order to avoid the consequences of the absence of such a provision, the plaintiffs urge that contrary to the court's ruling, such an obligation can be proved by parol evidence.

Generally, parol evidence is inadmissible to vary, alter, or contradict a written instrument which is complete, unambiguous, valid, and unaffected by fraud or mistake. (18 Ill. L. & Prac. *Evidence* §251 (1956).) The plaintiffs do not directly dispute this rule, but argue that parol evidence is proper under the authority of such cases as *Corzine v. Keith*, 384 Ill. 435, 51 N.E.2d 538; *Strain v. Hinds*, 277 Ill. 598, 115 N.E. 563, and *Russell v. Robbins*, 247 Ill. 510, 93 N.E. 324. We do not believe the reasoning of such cases is applicable to the case at bar, since in those cases the underlying agreements sought to be proved by parol evidence were entirely oral agreements.

● 3    The plaintiffs characterize the agreement in this case as a family settlement agreement. However it is characterized, the provisions are those of bargain and sale complete within the four corners of the document. It is not a parent support agreement, but discloses a purchase of the real estate by the son for specified considerations. Rather than owning an undivided one-third interest in the farm, the mother, Winifred Kendall, received a life estate in the entire farm. In addition, the defendant agreed to pay his sisters a total of $18,000 for their share in the farm. No claim was made that the agreement was fraudulent in fact or even that the consideration was inadequate at the time. To permit the parol modification of the agreement purposed by the plaintiffs would materially and substantially modify the written agreement.

For the foregoing reasons the judgment of the circuit court of Mercer County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.