RICHARD ROUSE *et al.*, Plaintiffs-Appellants, *v.* THOMAS BROOKS *et al.*, Defendants-Appellees.

Fifth District   No. 78-226

Opinion filed November 15, 1978.

Elmer Jenkins, of Benton, for appellants.

E. Dan Kimmel, of Kimmel, Huffman, Prosser and Kimmel, of Carbondale, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiffs, Richard Rouse and Arlene Rouse, brought suit in the Circuit Court of Jackson County against Thomas Brooks and Mary Ann Brooks alleging breaches of certain warranties made in connection with the sale of a home to plaintiffs. Plaintiffs appeal from the judgment granting defendants' motion for summary judgment on the ground that the written and oral warranties in controversy merged into the deed.

As part of the written contract, defendants executed a printed form entitled acceptance of purchase offer which contained the following express warranty:

"OWNER represents and warrants to the BROKER and to any subsequent purchaser that the listed property, the improvements thereon and all parts thereof and equipment and facilities related thereto, whether the same is subject to examination or not, is in good, proper, satisfactory and functional working order and condition * * *."

Apparently, the sellers' real estate broker, JRR Realty, supplied the printed form in order to protect itself from any possible suit by either the buyer or seller. In addition to this written warranty, the complaint alleged that defendants made oral representations that the property and improvements thereon were in good and functional working condition. Plaintiffs alleged that notwithstanding these express warranties, the swimming pool, septic system, air conditioning machinery, basement and other parts of the property were broken, leaking or in need of repair. Defendants, however, denied making any of the above oral representations and disputed the damages allegedly suffered by plaintiffs. The warranty deed conveying the property failed to contain any of the oral or written warranties concerning the quality of the property or its improvements.

■■ The main issue on appeal is whether the express warranties which are

in the land sales contract but not contained in the deed are unavailing to the buyer because of the doctrine of merger. The general rule in this State is that the provisions of a land sales contract merge in the deed. (*Chicago Title & Trust Co. v. Wabash-Randolph Corp.*, 384 Ill. 78, 51 N.E.2d 132 (1943); *Biewer v. Mueller*, 254 Ill. 315, 98 N.E. 548 (1912); *Brownell v. Quinn*, 47 Ill. App. 2d 206, 197 N.E.2d 721 (1st Dist. 1964).) An exception to this rule is that the acceptance of a deed does not invoke the merger doctrine as to collateral agreements in the contract where the deed is only a partial execution of that contract. (*Biewer v. Mueller*; *Brownell v. Quinn*.) Plaintiffs argue that the warranties pertaining to the quality of the land and the improvements thereon fall within this exception alleging that they are not fulfilled by the delivery of the deed. Defendants, however, assert that the transaction was completed with the conveyance of the deed and, therefore, the exception would not apply.

The issue of whether merger applies to an express quality warranty made by a seller of a previously owned home as part of the sales contract is one of first impression in Illinois. Other cases which have addressed the issue of warranties contained in the contract but not the deed have generally dealt with quality warranties given by sellers who are also contractor-builders. (See *Brownell v. Quinn*, 47 Ill. App. 2d 206, 197 N.E.2d 721 (1st Dist. 1964); *Weck v. A:M Sunrise Construction Co.*, 36 Ill. App. 2d 383, 184 N.E.2d 728 (1st Dist. 1962).) In such cases, courts have often found an exception to the merger doctrine by imposing an implied warranty of habitability in the sale of a new home by a contractor to a lay purchaser. (See *Century Display Manufacturing v. D. R. Wager Construction Co.*, 46 Ill. App. 3d 643, 360 N.E.2d 1346 (1st Dist. 1977); *Weck v. A:M Sunrise Construction Co.*) Although these decisions are not dispositive of the present controversy, they illustrate the erosion of the *caveat emptor* doctrine in recent years.

In all Illinois cases in which the contract has not been held to merge in the deed, the courts have distinguished between provisions in the contract pertaining to the conveyance of title and provisions relating to independent and collateral agreements. For example, in *Brownell v. Quinn*, the controversy concerned the terms of a sales contract which contained provisions for the conveyance of a certain parcel of real estate and the building thereon of a home complete with garage and driveway in a "neat and workmanlike" manner. Plaintiffs alleged that defendant failed to furnish proper materials and skilled workmanship in the construction of the frontwalk, driveway and concrete exterior. Defendant argued for the application of the merger doctrine. The court held "that the deed and payment of the purchase price could not effect a merger of the agreement to construct a house according to specifications upon the property sold, as construction of plaintiffs' building * * * is a collateral

undertaking to, and not part of the main purpose of, the conveyance of the real estate." (47 Ill. App. 2d 206, 209, 197 N.E.2d 721, 723.) In *Chicago Title & Trust Co. v. Wabash-Randolph Corp.*, 384 Ill. 78, 51 N.E.2d 132 (1943), a controversy arose as to whether an agreement to establish an easement in a sales contract merged in the deed. The court found no merger, stating that "if there are provisions in the contract which delivery of the deed does not fulfill, then the contract is not merged in the deed as to such provision and the contract remains open for the performance of such terms." (384 Ill. 78, 87, 51 N.E.2d 132, 137.) In *Biewer v. Mueller*, 254 Ill. 315, 98 N.E. 548 (1912), plaintiff and defendant agreed to trade certain properties. After the deeds were exchanged, plaintiff was denied possession of his new acquisition. Although there was no written contract between the parties, the evidence showed an agreement that plaintiff could take immediate possession of the property. After plaintiff's demand for a reconveyance of his property was refused, plaintiff filed suit. Defendant argued that any agreement to put plaintiff in possession of the property was merged in the deed. The court found that "[t]he deeds did not, however, purport to express the contract, and were certainly not a performance of that part of the contract which required possession to be delivered." (254 Ill. 315, 321, 98 N.E. 548, 551.) It added that "[t]he execution of a deed in pursuance of a contract of sale of real estate where the conveyance of the property is the entire subject matter of the contract extinguishes the contract, but not so where the contract provides for the performance of other acts than the conveyance." 254 Ill. 315, 321-22, 98 N.E. 548, 551."

In the present controversy, the purchase agreement provided not only for the conveyance of the property, but, in addition, express warranties as to the quality of the property and its improvements.

We believe the better rule to be that quality warranties are independent of and collateral to the conveyance of title and, therefore, are not satisfied by the acceptance of the deed. Most of the provisions in a land sales contract deal with the mechanics and requirements of conveyancing which the deed conclusively settles. Warranties as to quality, in comparison, touch upon aspects other than the conveyance itself and are incidental to the main purpose of the deed, which is to transfer good title. Accordingly, we hold that these warranty provisions in the purchase agreement do not merge in the deed. Not all warranties, however, in a sales contract will be exempt from the merger doctrine. Certainly, those warranties pertaining to the conveyance of property which are mentioned in the contract but not the deed will merge in absence of any provision in the contract or deed to the contrary.

A second issue on appeal is whether the alleged oral representations of the sellers can be a basis for the buyers' cause of action of breach of

warranty. Apparently these statements, if made, were made prior to the execution of the purchase agreement since plaintiffs' counsel states in his brief "that these representations were an inducement for the purchase" of the home by plaintiffs. The complaint did not contain any allegations of fraud or misrepresentation. In addition, there was no doubt that the warranties in the contract were clear and unambiguous. In light of the well-established parol evidence rule, we fail to see how the sellers' oral statements can vary, alter or contradict a complete and valid sales contract which is unaffected by fraud or mistake. See *Kendall v. Kendall*, 46 Ill. App. 3d 559, 360 N.E.2d 1242 (3d Dist. 1977); *World Insurance Co. v. Smith*, 28 Ill. App. 3d 1022, 329 N.E.2d 518 (1st Dist. 1975).

■■ In conclusion, the trial court properly granted defendants' motion for summary judgment as to the oral warranties notwithstanding its finding that the oral warranties merged in the deed. A motion for summary judgment will be granted "if the pleadings * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1975, ch. 110, par. 57.) Although the parties disputed the existence of the oral representations allegedly made by the sellers, it is clear that a resolution of this factual controversy in the buyers' favor would still mandate a judgment for defendants because of the parol evidence rule.

■■ With respect to the written warranties, however, the trial court erred in granting defendants' motion for summary judgment. In light of our holding that the written warranties contained in the sales contract do not merge in the deed, a material factual dispute remains whether defendants breached that warranty and, if so, whether plaintiffs suffered any damages as a result of that breach.

We recognize that defendants are being charged with the express warranties inserted by their real estate broker as part of a form purchase agreement. In general, a broker owes a fiduciary duty of loyalty to the sellers he represents. In the present controversy, the broker, JRR Realty, undoubtedly added the express warranty to protect itself and not the seller.

For the reasons stated above, the judgment of the Circuit Court of Jackson County is affirmed in part and reversed in part, and remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part; and remanded.

G. J. MORAN and JONES, JJ., concur.