BENNETT REIMER *et al.*, Plaintiffs-Appellants, *v.* ARLENE LESHTZ, Defendant-Appellee.

First District (2nd Division)    No. 79-898

Opinion filed November 25, 1980.

William D. Klink, of O'Brien & Klink, of Chicago, for appellants.

David D. Rosenstein, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiffs, Bennett and Joyce Reimer, brought this action for fraudulent concealment against Arlene Leshtz, defendant. Plaintiffs allege that, prior to the purchase of defendant's house, defendant made oral representations that there was no water leakage in the basement. Contrary to the alleged assurances, the basement did leak, as it allegedly had on past occasions. Plaintiffs brought this suit seeking damages. Defendant motioned the trial court to dismiss the complaint, maintaining that all oral representations merge into the written documents of sale. Since there was no written representation concerning the basement, defendant contended that plaintiffs had no cause of action. The trial court dismissed the complaint with prejudice, stating that it failed to state a cause of action, and awarded costs to defendant.

Plaintiffs then filed a motion for reconsideration and for leave to file an amended complaint, adding, *inter alia*, a plea for punitive damages. Defendant maintained that representations merged into the written contract and contended that even if the more recent cases have held that

the injured party can rescind the agreement if predicated on fraud, plaintiffs' cause of action was still barred since the increase in value of the house precluded plaintiffs' claim for damages or rescission. Plaintiffs asserted, first, that the issue of measure of damages should not be addressed by a motion to dismiss, and second, that the complaint properly alleged active concealment. Defendant responded that the law is basically "caveat emptor." The trial court entered an order denying plaintiffs' motion for reconsideration and for leave to file an amended complaint. This appeal followed.

■■ Plaintiffs assign as error both the trial court's grant of defendant's motion to dismiss and its denial of plaintiffs' motions to reconsider and to file amended pleadings. At trial, the debate between the parties and the court centered on the doctrine of merger. This doctrine provides that a written agreement, generally in the form of a contract, for the execution of a deed is merged into the deed. (*Douglas v. Union Mut. Life Ins. Co.* (1889), 127 Ill. 101, 114, 20 N.E. 51.) Preliminary negotiations and agreements made prior to the actual conveyance similarly merge into the writings of conveyance. (*Department of Transportation v. Western Nat'l Bank* (1976), 63 Ill. 2d 179, 184, 347 N.E.2d 161.) Further, absent an allegation of mistake or fraud, or one of the other recognized exceptions (*e.g.,* independent collateral provisions, ambiguities, oral promises of consideration), parol evidence is inadmissible to establish conditions contradicting the terms of the conveyance. (See, *e.g., Department of Transportation,* at 184; *Brownell v. Quinn* (1964), 47 Ill. App. 2d 206, 208, 197 N.E.2d 721; *Kendall v. Kendall* (1977), 46 Ill. App. 3d 559, 562, 360 N.E.2d 1242, *aff'd* (1978), 71 Ill. 2d 374, 375 N.E.2d 1280.) Thus, under the theory advanced by the defendant and ruled on by the trial court, the oral representation of "dry basement" would have had to have been written into the deed to survive in the writings of conveyance. This misapprehension is predicated on the contract law of merger, inapplicable here, rather than the pertinent tort law of deceit or fraud. In the instant case, the formation of the contractual relationship and the subsequent conveyance merely demonstrate the elements of reliance and damages essential to the proof of misrepresentation or fraud. The suit is not on the contract, it is on the alleged fraudulent misrepresentations. The oral representations constitute the verbal act, the contents of which are at issue. (See McCormick, Evidence §249, at 588 (2d ed. 1972.) Accordingly, the evidence complained of constitutes neither hearsay nor parol evidence to vary the terms of the contract. (Compare *Main Bank v. Baker* (1980), 88 Ill. App. 3d 28, 410 N.E.2d 681.) Had the parties not entered into the real estate contract at bar, the tort alleged would not have been actionable, since there would have been no reliance and no possibility of resultant damages. See *Biewer v. Mueller* (1912), 254 Ill. 315, 323-24, 98 N.E. 548.

The cases cited by defendant and the trial court are completely consistent with the above analysis. *Shamberg v. Stearns* (1913), 178 Ill. App. 587, involved a lease of premises with the express intent of opening a tanning factory. Since ordinances existed which would preclude this type of operation in certain portions of Chicago, plaintiffs sought assurances from the lessor that tanning was permissible at the location. The evidence at trial was conflicting, but it was agreed that at least one of the plaintiffs went with the lessor to consult with the city inspector. The city official, by all accounts, informed plaintiffs to proceed with the tanning concern. Subsequently, the city told plaintiffs that no tanning would be allowed in that location and plaintiffs attempted to invalidate the lease. The appellate court held that since the lease was in writing, it was presumed to embody all of the terms of the contract between the parties. (*Shamberg*, at 592.) The *Shamberg* court also commented that plaintiffs were not relying on the representations of the lessor, but rather on the results of their own independent investigation. The court then noted that even if competent evidence had shown that the lessor and plaintiffs had orally agreed on a cancellation contingency, the result would have remained the same for fraud cannot be predicated upon a promise or agreement to do something in the future. *Shamberg*, at 593; see also *Douglas*, at 116; *Shanahan v. Schindler* (1978), 63 Ill. App. 3d 82, 93, 379 N.E.2d 1307.

In the context of an action for contract damages, the parol evidence rule has been held to bar, absent allegations of fraud or mistake, a claim for breach of an oral warranty of quality in sale of real estate. (See *Rouse v. Brooks* (1978), 66 Ill. App. 3d 107, 111, 383 N.E.2d 666; see also *World Ins. Co. v. Smith* (1975), 28 Ill. App. 3d 1022, 1025, 329 N.E.2d 518 (holding parol evidence inadmissible to vary a written instrument which is complete, unambiguous, valid and unaffected by fraud, duress, mistake, or illegality).) In *Rouse*, the court, while permitting an action grounded on a written express warranty despite its noninclusion in the written conveyance, refused to allow an action predicated on an oral warranty. Once again, this action sounded in contract, rather than in tort, and the parol evidence rule, a substantive rule of contract law, acted to bar the evidence of alleged oral statements. See *Rouse*, at 111.

■■ This court is presented with neither the *Shamberg* situation of oral representations of future conduct, nor the *Rouse* example of oral contractual warranties of quality, nor even the *World Insurance* posture of contract terms offered to vary an integration. Rather, the case at bar sets forth the bare allegations of an action in fraud or deceit. It is apparent from the complaint that plaintiffs at the time of inspection were not seeking an express assurance that the home would not leak in the future although they might have desired such an assurance. Instead, plaintiffs

were inquiring of one with superior knowledge, *i.e.*, the seller, whether the basement did, to her knowledge, leak. The alleged representation, that the home did not, to seller's knowledge, leak, was relied upon as a matter of fact. If the representation was made with knowledge of leakage, then it may, on proof of all elements, constitute fraud. (See *Biewer*, at 323.) Defendant's argument that plaintiff should have known that all basements leak, is without merit. A defendant cannot take advantage of another, propagate falsehoods, and then escape the consequences of the fraud by saying the other had no right to believe him. (See *Biewer*, at 323.) Additionally, it is hardly a matter for judicial notice that "people of ordinary sense know basements are likely to flood once in a while."

■■ Dismissal of a plaintiff's cause of action is proper only where no set of facts exist under the pleadings which would warrant relief. (*Felbinger & Co. v. Traiforos* (1979), 76 Ill. App. 3d 725, 733, 394 N.E.2d 1283.) Here, however, defendant's purported representation, if proved at trial, would amount to active concealment of past flooding of the basement. (See *Posner v. Davis* (1979), 76 Ill. App. 3d 638, 643, 395 N.E.2d 133.) It must be noted that the modern trend in the law is away from a strict application of the rule of caveat emptor. (*Posner*, at 644.) The emphasis instead has shifted to protecting the defrauded consumer, whether by enforcement of express written warranties or by action in tort for damages. For the foregoing reasons, plaintiffs' complaint states a cause of action sufficient to withstand a motion to dismiss and which, if proved at trial, could warrant recovery for damages.

■■ *Posner* sets out the measure of damages alternatively as the "benefit of the bargain" (value the property would have had at the time of sale if the defects did not exist, less the actual value with the defects) or costs of fixing the property to make it conform to the condition it would have without the defects. (*Posner*, at 645.) Plaintiffs have also challenged the trial court's denial of the motion for leave to amend. This motion was apparently denied with prejudice on the same basis upon which the motion to dismiss was granted, *i.e.*, the "merger" doctrine. Therefore, on remand, that motion can be reconsidered in the light of the above discussion.

The judgment of the trial court is vacated and the cause is remanded for further proceedings consistent with this opinion.

Judgment vacated; cause remanded with directions.

DOWNING and HARTMAN, JJ., concur.