UNITED INVESTORS, INC., Plaintiff-Appellee, v. PAUL TSOTSOS, Defendant-Appellant.

First District (1st Division)   No. 84—1295

Opinion filed March 29, 1985.

Ordower & Ordower, P.C., of Chicago (Lawrence B. Ordower, of counsel), for appellant.

Kanter & Mattenson, Ltd., of Chicago (David M. Mattenson and Stuart Gordon, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises out of an action brought by plaintiff United Investors, Inc. to recover a brokerage commission allegedly due under the terms of a real estate listing agreement. Defendant Paul Tsotsos answered, denying plaintiff was entitled to any commission because plaintiff had failed to produce a ready, willing and able purchaser. In a counterclaim which was subsequently dismissed, defendant further alleged that plaintiff improperly disposed of the earnest money depos-

ited by the purchaser. After briefing and argument, the trial court granted plaintiff's motion for summary judgment, ruling that defendant was liable to plaintiff in the amount of $5,000 under the listing agreement. Defendant appealed. We reverse and remand for further proceedings.

The record reveals that on April 4, 1980, defendant, as seller, entered into an exclusive listing agreement whereby defendant appointed plaintiff as his agent to locate a purchaser for his business. The agreement provided that plaintiff would be paid a commission of 10% of the selling price if plaintiff produced a ready, willing and able buyer. Through plaintiff's efforts, defendant was put in touch with a prospective purchaser, Don Hageman. Subsequently, Hageman and defendant entered into a contract of sale wherein Hageman agreed to purchase defendant's business for $50,000. The purchaser deposited $6,000 earnest money with plaintiff and was to pay the balance in cash at the closing set for September 1, 1980. The sales contract also contained the following provision for the disposition of the earnest money upon default by either the purchaser or the seller:

"Seller agrees to pay United Investors, Inc. $6,000.00 of gross selling price as full payment for brokerage services rendered. If the purchaser defaults, earnest money shall be forfeited and applied (1st) to payment of broker's commission; (2nd) for any expenses incurred for Seller by said broker and the balance paid to Seller. At Seller's election, such forfeiture may be in full settlement of all damages. If Seller defaults, earnest money, at option of purchaser, shall be refunded to purchaser, but such refunding shall not release Seller from the obligation of this agreement."

Both parties agree that this transaction was never completed. Defendant stated in his affidavit that "Mr. Hageman never purchased the business, never showed up for a closing and never made any attempts to close or purchase the business." Plaintiff stated in its affidavit that "because the transaction was never consummated, on September 2, 1980, United Investors, Inc. returned to Don Hageman his $6,000." Defendant also stated that he never gave plaintiff permission to return the earnest money to the purchaser.

The instant case presents us with essentially two issues for review. First, we must determine whether plaintiff's right to the commission accrued upon defendant's acceptance of the purchaser procured by plaintiff as evidenced by the execution of an enforceable contract of sale. Second, if such a right did accrue, we must determine what effect, if any, did plaintiff's return of the earnest money to

the prospective purchaser have on plaintiff's right to the commission.

■ With respect to the first issue, we believe the rule of law is quite clear. As our supreme court recognized nearly a century ago in the case of *Wilson v. Mason* (1895), 158 Ill. 304, 42 N.E. 134:

> "The duty of a broker, who is employed to sell real estate, is to find and produce to the vendor a purchaser, who is ready, willing and able to complete the purchase as proposed. This he must do before he is entitled to any commissions. If the vendor rejects the purchaser so produced, the broker is bound to show that such purchaser was willing, ready and able to perform the contract according to the proposed terms. If the principal accepts the purchaser thus presented, either upon the terms previously proposed or upon modified terms then agreed upon, and a valid contract is entered into between them, the commission is earned." (158 Ill. 304, 309-10.)

The court went on to reiterate:

> "*** The true rule is, that the broker is entitled to his commissions, if the purchaser presented by him and the vendor, his employer, enter into a valid, binding and enforceable contract. If, after the making of such a contract, even though executory in form, the purchaser declines to complete the sale and the seller refuses to compel performance, the broker ought not to be deprived of his commissions." (158 Ill. 304, 311.)

(See also *Fox v. Ryan* (1909), 240 Ill. 391, 88 N.E. 974.) Subsequent appellate opinions have acknowledged that a sale need not be consummated for a real estate broker to recover his commission. (*Beider v. Eugene Matanky & Associates, Inc.* (1977), 55 Ill. App. 3d 354, 371 N.E.2d 29; *Ellis Realty v. Chapelski* (1975), 28 Ill. App. 3d 1008, 329 N.E.2d 370.) Where a seller of real estate enters into an enforceable contract of sale with a purchaser procured by a broker, the readiness, willingness and ability of the purchaser is no longer open to question and the broker's right to compensation accrues whether or not the sale is completed. (*Western Pride Builders, Inc. v. Zicha* (1974), 23 Ill. App. 3d 770, 320 N.E.2d 181; *Bernard Klibanow & Co. v. Shafer* (1971), 2 Ill. App. 3d 392, 276 N.E.2d 446.) We also note that the views expressed in these Illinois decisions are shared by the overwhelming majority of jurisdictions which have considered the issue. See generally Annot., 74 A.L.R.2d 437 (1960), and cases cited therein.

Defendant contends that mere execution of an enforceable contract of sale is not enough. Citing *Telander v. Posejpal* (1981), 94 Ill. App. 3d 616, 418 N.E.2d 444, defendant argues there must be some affirmative evidence that the seller investigated the financial ability of

the prospective purchaser in order for him to waive the ready, willing and able requirements. We find defendant's reliance on *Telander* misplaced.

In *Telander*, the real estate sales contract was expressly contingent upon the buyer's obtaining financing. The court held that where the broker acquiesces in such an arrangement and the parties are unable to perform the stipulated contingency after good faith efforts to do so, the broker is not entitled to his commission. (94 Ill. App. 3d 616, 625, 418 N.E.2d 444.) Thus, the court followed the well-recognized principle that where the sales contract is contingent, the broker's right to his commission is subject to the same contingency. (*Nelson v. Bolton* (1979), 72 Ill. App. 3d 519, 525, 391 N.E.2d 182.) The court went on to state that even in a contingent contract the seller may waive the ready, willing and able requirement, thereby allowing the broker to recover his commission, if the seller investigated the financial responsibility of the prospective buyer before entering into the contract. (*Telander v. Posejpal* (1981), 94 Ill. App. 3d 616, 625, 418 N.E.2d 444.) Under these circumstances, the seller accepts the risk that the contingency may not occur by independently investigating and approving the buyer, and the broker is entitled to his commission whether the sale is completed or not.

■■ Such considerations, however, have little relevance where an unconditional, enforceable purchase agreement exists between a buyer and a seller. By entering into such a contract, the seller is precluded from asserting that the buyer was not ready, willing and able to purchase the property, and the broker is entitled to his commission even if the sale is never consummated. (*Wilson v. Mason* (1895), 158 Ill. 304, 42 N.E. 134; *Western Pride Builders, Inc. v. Zicha* (1974), 23 Ill. App. 3d 770, 320 N.E.2d 181.) Since the sales contract in the case at bar is clearly not subject to any contingency, *Telander* is not controlling. Accordingly, plaintiff's commission accrued when the unconditional contract of sale was executed, and plaintiff had no duty to introduce evidence of an independent financial investigation by the defendant seller in order to recover.

■■ ■ We next consider whether plaintiff's return of the earnest money to the prospective purchaser had any effect on plaintiff's right to the agreed upon commission. Our research reveals no reported cases in Illinois specifically addressing this issue. However, it has been held that a broker owes a fiduciary duty of loyalty to the seller he represents. (*Rouse v. Brooks* (1978), 66 Ill. App. 3d 107, 383 N.E.2d 666.) Embodied in this duty is the requirement that the broker keep his principal fully informed of all pertinent facts and that he act in

good faith and promote the best interests of his principal. We believe that where a sales agreement gives the seller the right to declare a forfeiture of the purchaser's earnest money upon the purchaser's default, a broker who returns the earnest money to a defaulting purchaser without the seller's authorization has breached the fiduciary duty of loyalty owed to the principal and is thereby precluded from recovering his commission. Other jurisdictions addressing this issue uniformly approve of this result. (*Crabtree v. Board of Trustees* (Ky. 1974), 512 S.W.2d 311; *Prince George's Properties, Inc. v. Rogers* (1975), 275 Md. 582, 341 A.2d 804; *Lake Co. v. Molan* (1964), 269 Minn. 490, 131 N.W.2d 734; see generally Annot., 69 A.L.R.2d 1244 (1960), and cases cited therein.) However, it is not a breach of trust for a broker to return earnest money to a purchaser where the sale is not consummated because of the seller's default. *Badeaux v. Rohrer* (1913), 182 Ill. App. 114.

In view of the foregoing, we believe the trial court erred in granting plaintiff's motion for summary judgment. Summary judgment is appropriate if there is no genuine issue of material fact such that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c).) In ruling on a motion for summary judgment, the trial court should construe the pleadings, affidavits, exhibits and depositions most strictly against the moving party and most liberally in favor of the opponent (*Shockley v. Ryder Truck Rental* (1979), 74 Ill. App. 3d 89, 93-94, 392 N.E.2d 675) and should grant the motion only where the right of the movant is clear and free from doubt (*Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 442 N.E.2d 648). Undeniably, defendant's pleadings could have set forth those issues relating to the return of the earnest money with greater clarity. However, we believe that when defendant's affidavit and pleadings are read together, there exists a material issue of fact on whether defendant or the purchaser defaulted on the sale and, thus, whether plaintiff's return of the earnest money to the purchaser was a breach of a fiduciary duty precluding recovery of the commission. We deem it to be the equitable procedure under the circumstances to allow the parties to amend their pleadings on remand to more clearly reflect this defense. Accordingly, the cause is reversed and remanded for further proceedings.

Reversed and remanded.

CAMPBELL and O'CONNOR, JJ., concur.